## EX PARTE GREEN.

No. —, Original.   Motion submitted May 2, 1932.—Decided May 23, 1932.

*Messrs. Winter S. Martin* and *Samuel B. Bassett* were on the brief for the motion.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is a motion by Winfield A. Green for leave to file a petition for a writ of mandamus against the federal district court for the western district of Washington to show cause why the writ should not issue requiring the judge thereof to conform to the opinion of this court in *Langnes* v. *Green,* 282 U. S. 531.   In that case Green had

brought an action against Langnes in a superior court of the State of Washington to recover damages for personal injury suffered while employed upon the " Aloha," a fishing vessel of which Langnes was the sole owner. Four months thereafter, while that action was pending, Langnes brought a proceeding in the federal district court, praying a limitation of liability under the appropriate provisions of the Revised Statutes. The parties stipulated that the vessel was of no greater value than the sum of $5,000. Upon the filing of the petition, the district court issued an order restraining further proceedings in the state court, and a monition to all claimants to present their claims within a time fixed. Green filed his claim in the amount of $25,000 for damages, which was the only claim ever filed, and thereupon moved to dissolve the restraining order. The district court denied the motion, and tried the cause in respect of respondent's claim, holding there was no liability and entering a decree accordingly. An appeal followed to the Circuit Court of Appeals for the Ninth Circuit. That court reversed the decree and remanded the cause upon grounds which need not now be stated.

We reversed the decrees of both courts, and remanded the cause to the district court for further proceedings. We held that the action was properly brought in the state court under § 24 (3) of the Judicial Code, U. S. C., Title 28, § 41 (3), which saves to suitors in all cases of admiralty " the right of a common-law remedy where the common law is competent to give it," and that the petition for a limitation of liability also was properly brought in the federal district court. The situation then being that one statute afforded the right to a common law remedy, and another the right to seek a limitation of liability, we said that a case was presented for the exercise of the sound discretion of the district court whether to dissolve the restraining order and permit the state court

to proceed, or to retain complete jurisdiction; and, upon consideration of the matter, we held that such discretion should have been exercised so as to permit the state court to proceed.

But we also said that the district court, as a matter of precaution, should retain the petition for a limitation of liability " to be dealt with in the possible but (since it must be assumed that respondent's motion was not an idle gesture but was made with full appreciation of the state court's entire lack of admiralty jurisdiction) the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court, or the case otherwise assume such form in that court as to bring it within the exclusive power of a court of admiralty."

As authority for that disposition of the matter we cited *The Lotta*, 150 Fed. 219, where Judge Brawley, dealing with a similar situation, had taken that course. We quoted from his opinion, among other things, the following (p. 223):

"All that the petitioner can fairly claim is that he should not be subject to a personal judgment for an indefinite amount and beyond the value of his interest in the Lotta and her freight. . . . if it should hereafter appear in the course of the proceedings in the state court that a question is raised as to the right of petitioner to a limited liability, this court has exclusive cognizance of such a question . . . and the decision upon the question of the injunction is predicated upon the assumption that that question is not involved in the suit in the state court, and that the only questions to be decided there are, first, whether the defendant is liable at all, and, if so, as to the value of the vessel and her freight, which is the limit of defendant's liability."

It is clear from our opinion that the state court has no jurisdiction to determine the question of the owner's

right to a limited liability, and that if the value of the vessel be not accepted as the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case.

Notwithstanding the foregoing, Green, following the remission of the cause to the state court, put in issue the right of the owner to limited liability, by challenging the seaworthiness of the vessel and the lack of the owner's privity or knowledge. The matter was properly brought before the federal district court, and that court held that the question of the owner's right to limited liability having been raised, the cause became cognizable only in admiralty, and that its further prosecution in the state court should be enjoined. In this the district court was right, and the motion for leave to file the petition for writ of mandamus must be denied.

The district court, however, gave Green until a time fixed to withdraw, in the state court, the issue as to the right to limited liability, in which event the restraining order was not to issue. That court, upon being seasonably advised of the proceeding here and of our disposition of it, will, no doubt, grant further reasonable time to allow Green to elect whether to withdraw the admiralty issue which he has raised in the state court; and the denial of the motion is made without prejudice to such action.

*Leave denied.*