Petition of M. P. HOWLETT, Inc.

THE NO. 15.

No. 18491.

District Court, E. D. New York.

Jan. 30, 1948.

Alexander & Ash, of New York City (Sidney A. Schwartz, of New York City, of counsel), for petitioner.

Gair & Gair, of New York City, for claimant Antonio Aliotta.

Tippett, Cotter & Carey, of New York City, for claimant American Mutual.

GALSTON, District Judge.

This is a motion by the claimant Aliotta. to vacate the stay of an ex parte order of the prosecution of a jury action pending in this court, brought by Aliotta against the petitioner in the Supreme Court of the State of New York, and removed by the defendant (the petitioner herein). From the affidavit in support of the motion it appears that M. P. Howlett, Inc. filed its petition in this cause to limit its liability to the value of its interest in the floating crane, tackle, apparel, etc., in the sum of $26,000, together with the charter hire in the sum of $172, making in all the sum of $26,172. On July 21, 1947, Judge Inch signed an ex parte order which limited the liability of the petitioner at the ad interim value indicated. The time within which claims could be filed was set at November 5, 1947. From the supporting affidavit it appears that Aliotta does not dispute the right of this court to retain jurisdiction on the issue of limitation of liability, and indeed he agrees to litigate in the jury trial only the issues of defendant's liability and the damage which he sustained.

Aliotta's answer to the petition for limitation of liability is a denial of the allegations of the petition, and concludes with a prayer that the petition for limitation of or exoneration from liability be denied. However, in the affidavits supporting the pending motion, it is conceded, in the affidavit of December 2, 1947, "the claimant does not dispute the right of this court to retain jurisdiction on the issue of limitation of liability, and agrees to litigate in the jury trial both the issue of defendant's neglect and extent of damage". And again in the affidavit of December 17, 1947, the affiant, Siff, on behalf of the claimant, says: "I reiterate, there is no challenge by the claim-

ant of the court's right to limit liability". From these statements it may be concluded that it is conceded that the admiralty court may retain jurisdiction to litigate the petitioner's right to limit its liability. Accordingly there would remain open for trial in the civil court the issues of liability and damages. However, that right to proceed in the civil court can follow only if there is but one claimant.

The question then is whether the jury action shall proceed. The right of the plaintiff to proceed before a jury depends on the determination of the number of claims filed in the limitation proceeding, for if there is but one claim, then under the authorities the jury action should not be restrained; Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212; The Quarrington Court, 2 Cir., 102 F.2d 916; The Red Star Barge Line, 2 Cir., 160 F.2d 436; The Hedger Transportation Corporation v. Gallotta et al., 2 Cir., 145 F. 2d 870.

Aliotta contends that there is but one claim, his own and a derivative claim of an insurance carrier. The affidavit in opposition recites the filing of a claim on August 20, 1947, by the American Mutual Liability Insurance Company for $3,349.79 for compensation payments made to Aliotta amounting to $2,792.86 and for medical benefits incurred and paid amounting to $556.93, and the claim of Aliotta, filed October 3, 1947, for $100,000 for personal injuries received. The question to be resolved is whether the foregoing constitute two independent claims, or whether the claim of the insurance company is merely a derivative one arising out of the injuries to Aliotta and such rights as he might have in the prosecution of his claim.

Aliotta was a longshoreman in the employ of the American Stevedores, Inc. on board the S.S. Apollo. Adjacent to the steamship at the time of the injury was the floating crane No. 15, owned by the petitioner herein. From The Etna, 3 Cir., 138 F.2d 37, which considered the Longshoremen's and Harbor Workers' Compensation Act, § 33, 33 U.S.C.A. § 933, and particularly subdivision (b), it was concluded that

the right to subrogation attaches under equitable principles where one, not acting officiously, pays money on account of a legal obligation resting upon him for the imposition whereof another is held pecuniarily responsible.

Now in the case before us it is not the claim of the employer which we are to consider, but that of the insurance carrier; but surely if the claim of the employer stems from the right of the injured party to proceed against third persons for damages for personal injury under the theory of subrogation, it is inescapable that the claim of the insurance carrier of the employer would stem from the claim of the injured party for compensation. See also United States Fidelity & Guaranty Co. v. United States, 2 Cir., 152 F.2d 46. It follows then that this motion must be granted with the provision that in the jury trial the plaintiff may not proceed beyond judgment without further application to the court in the present proceeding.