## GREAT LAKES DREDGE & DOCK CO. v. LYNCH.

### THE JAMES A. DUBBS.

#### No. 10789.

United States Court of Appeals
Sixth Circuit.

March 21, 1949.

Lucian Y. Ray, of Cleveland, Ohio (John R. Kistner and Leckie, McCreary, Schlitz & Hinslea, all of Cleveland, Ohio, on the brief), for appellant.

Harley S. Cook, of Cleveland, Ohio (A. H. Dudnik and Harley S. Cook, both of Cleveland, on the brief), for appellee.

Before HICKS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

Martin T. Lynch instituted an action under the Jones Act, Title 46 U.S.C.A., § 688, against the Great Lakes Dredge & Dock Company in the Court of Common Pleas of Cuyahoga County, Ohio. He sought recovery of $100,000 damages for personal injuries, embracing amputation of his left leg above the knee and alleged permanent impairment of his right knee. At the time of his injury, Lynch was in the employ of the defendant as a fireman and linesman on board the tug "James A. Dubbs", a vessel owned and operated by the defendant and then afloat on the Cuyahoga River. In his petition, Lynch charged that his injuries were solely, directly and proximately caused by the negligence of the defendant, its agents and servants.

In its answer filed in the state court action, the Great Lakes Dredge & Dock Company denied the plaintiff's allegations of negligence, and averred that his injuries were caused solely by his own negligence. In the alternative, he was charged with contributory negligence. The answer asserted that the accident was occasioned without the privity or knowledge of the defendant, and that the damages claimed greatly exceed the value of its interest in the tug and the freight pending. The benefit of the limited liability statutes of the United States was invoked, with the claimed consequence that Lynch would not be entitled to recover an amount in excess of defendant's interest in the tug, upon the conclusion of the voyage during which the accident occurred, and any freight then pending.

After it had answered in the court of common pleas, the Great Lakes Dredge &

Dock Company filed on January 22, 1948, in the United States District Court for Northern Ohio, a petition for exoneration from and limitation of liability, seeking therein an injunction restraining further prosecution by Lynch of the state court action brought against it. On the same date, the petitioner filed an appropriate affidavit fixing the value of the tug at $6,500, and an ad interim stipulation of a surety company agreeing to respond in that amount, with interest, to any final decree rendered against the Great Lakes Dredge & Dock Company.

In accordance with customary practice, the district judge forthwith entered an order appointing a commissioner to receive proof of claims, directing the issuance and publication of a monition, and staying and restraining all suits, actions or proceedings against the Dredge and Dock Company, and more especially the pending action brought by Lynch against it in the state court. The petition, order and monition were duly served upon the proctor for the respondent Lynch, who, on February 27, 1948, filed a motion to dismiss the petition for exoneration; or, in the alternative, either to dissolve the restraining order, or to stay and suspend the application of the stay order and monition, pending final judgment in the action instituted in the Court of Common Pleas of Cuyahoga County. Three weeks later, Lynch filed an answer, but directed attention therein to his pending motion.

On July 26, 1948, the United States District Court ordered that the injunction in its order of January 22, 1948, be modified so as to permit the prosecution by Lynch in the court of common pleas of his pending action against the Great Lakes Dredge & Dock Company. From that order, this appeal was taken by the Great Lakes Dredge & Dock Company.

The appellant seeks to make decision here turn upon the answer to the question, thus put: "Can a restraining order of an Admiralty Court in a Limitation of Liability Proceeding pending therein be modified by motion of a claimant in a one-claim case, thereby allowing the right to limitation of liability to be determined in a state court, when in both the admiralty proceedings and the state court proceedings such claimant is contesting the vessel owner's right to limitation of liability and also the limitation value of the ship involved?" If that were the real issue presented on this appeal, appellant would prevail, for the answer would plainly be "No." See, for example, Larsen v. Northland Transportation Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096.

We think, however, the appellee has made it clear that he admits that the admiralty court has exclusive jurisdiction in respect to limited liability and, in the instant case, has retained it. Through his proctors, he expressly agrees to litigate in the admiralty court the issue of limited liability should he obtain a favorable judgment in the common pleas court of Ohio, but insists that he has the right to proceed under the Jones Act with his state court action, grounded on the negligence of appellant.

He seeks to obtain a jury verdict and a judgment thereon in the state court; and, should he recover an amount in excess of $6,500, he is willing to have the issue of whether the judgment must be remitted to the value of the tug and pending freight determined by the United States District Court in the exoneration and limited liability proceeding instituted therein by appellant after the appellee had brought his action under the Jones Act in the Court of Common Pleas of Ohio.

While his motion for stay of the restraining order against the state court action was pending and before the district court had ruled thereon, his proctor stated in a letter of April 22, 1948, to the assistant chief clerk of the United States District Court, for intended transmission to the district judge, that Lynch was willing to file a statement with the district court that he "waives any claim of res judicata relative to the issue of limited liability and based on any judgment he may obtain in the State Court Action." In this letter, it is made obvious that appellee chooses to follow the procedure approved by the Second Circuit Court of Appeals in Petition of Red Star Barge Line, 2 Cir., 160 F.2d 436. The letter states further: "If the District Court sees fit to grant a stay of the restraining order for the purpose of the Common Pleas

Court trial, it would then be in order for the defendant to file an amended answer, omitting the defense of limitation, in order that the record there will be free from any such issue, its legal rights in that respect being fully protected in the District Court."

In the state court pleadings, the defendant, and not the plaintiff Lynch, brought in the limited liability issue. The petition of the plaintiff therein did not challenge the exclusive jurisdiction of the United States District Court to determine that issue. Nor did the petition of the plaintiff in the state court make mention of "unseaworthiness" of the tug, or that the defendant company had "privity or knowledge" of the negligence which caused his injuries. The cause of action set forth by the plaintiff was based entirely upon negligence. This brought the case within the direct scope of the Jones Act.

We consider the opinion of the Second Circuit in Petition of Red Star Barge Line, 2 Cir., 160 F.2d 436, 438, supra, directly in point and are in accord with its reasoning. There was squarely presented the question whether the district court abused discretion in vacating a previously issued restraining order and in permitting the prosecution of an action in a state court for damages for death caused by negligence, or by the alleged negligence of the owner and the charterer of a coalboat, where the widow of the decedent had not formally admitted in the limitation proceeding the right of the owner and the charterer to limit their liability to the value of the coalboat and its pending freight. As in the instant case, the defendants' right to limit liability was not conceded, but their right to litigate that issue in the federal court was admitted. The court of appeals found no abuse of discretion by the district court in allowing the state court action to be commenced without first requiring a concession in the United States court by the decedent's widow of the right of the owner and the charterer to a limitation of liability. Judge Swan, at the conclusion of the opinion, wisely declares: "As a precaution * * *, we think it would be reasonable and fair to all parties to require the appellee to file in the district court a statement that she waives any claim of res judicata relevant to the issue of limited liability and based on any judgment she may obtain in the state court action. The order on appeal will be modified to incorporate such a provision, and so modified is affirmed."

Neither here nor in the Red Star Barge Line case does the appellee take the stubborn position to which Green adhered in Ex Parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212, where, despite the opinion of the Supreme Court in Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, he insisted upon putting in issue in the state court action the right of the owner to limited liability by challenging the seaworthiness of the vessel and the lack of the owner's privity or knowledge.

In the concluding paragraph of the opinion in Ex Parte Green, 286 U.S. 440, 52 S.Ct. 602, 603, 76 L.Ed. 1212, the Supreme Court said: "The District Court, however, gave Green until a time fixed to withdraw, in the state court, the issue as to the right to limited liability, in which event the restraining order was not to issue. That court, upon being seasonably advised of the proceeding here and of our disposition of it, will, no doubt, grant further reasonable time to allow Green to elect whether to withdraw the admiralty issue which he has raised in the state court; and the denial of the motion is made without prejudice to such action." We construe, as did the Second Circuit Court of Appeals, Ex Parte Green as not conditioning the lifting of the injunction upon Green's filing a concession of the right to limited liability, but upon his withdrawal of that issue from litigation in the state court. In the instant case, Lynch, in contrast with Green, has evinced his willingness to withdraw the issue of limited liability from litigation in the state court, and has agreed expressly that such issue may be reserved for determination in the proceeding instituted by appellant in the United States District Court.

A succinct district court opinion in line with the opinion in the Red Star Barge Line case is Petition of M. P. Howlett, Inc., D.C., E.D.N.Y., 75 F.Supp. 438.

■ We think the opinion of this court in In re Great Lakes Transit Corporation, 6 Cir., 63 F.2d 849, cited by appellant, in-

284

sofar as applicable here, goes no farther than to hold correctly that the admiralty court has exclusive jurisdiction to adjudicate a ship owner's right to limitation of liability. The case has no bearing, for that settled principle has been freely conceded by the appellee.

■■ We have carefully weighed and considered all authorities cited in the brief of appellant, but we find nothing in any of them which upholds its contention that the district court abused discretion in entering the modified order from which this appeal has been prosecuted. It is true that the principle of limitation of ship owner's liability should be liberally construed to effectuate the purpose of encouraging investments in ships. Providence & New York Steamship Company v. Hill Manufacturing Company, 109 U.S. 578, 3 S.Ct. 379, 27 L. Ed. 1038. But it is also true that the Merchant Marine or so-called Jones Act, 46 U.S.C.A. § 688, is to be liberally construed for the seaman's protection. Garrett v. Moore-McCormack Co., 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239.

In Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 431, 59 S.Ct. 262, 266, 83 L.Ed. 265, Mr. Justice Stone said: "Withal, seamen are the wards of the admiralty, whose traditional policy it has been to avoid, within reasonable limits, the application of rules of the common law which would affect them harshly because of the special circumstances attending their calling. [Citing authorities.] It is for this reason that remedial legislation for the benefit and protection of seamen has been liberally construed to attain that end." This statement was made by the eminent jurist in relation to an action for personal injuries brought under the Jones Act.

■ On this appeal, the order of the district court entered July 26, 1948, from which appeal was taken, is amended so as to require the appellee to file in that court a statement that he waives any claim of res judicata relevant to the issue of limited liability and based on any judgment which he may obtain in the pending action in the Court of Common Pleas of Cuyahoga County, Ohio.

So modified, the order of the district court is affirmed.