UNIVERSAL TERMINAL AND STEVE-
DORING CORP., Plaintiff,

v.

The PENNSYLVANIA RAILROAD COM-
PANY, Lloyd Braseleiro (Patrimonio
Nacional) and John W. McGrath Corp.,
Defendants.

No. 67 Civ. 626.

United States District Court
S. D. New York.

May 10, 1967.

On Reargument June 27, 1967.

Herman Goldman, New York City, for plaintiff.

Burlingham, Underwood, Barron, Wright & White, New York City, for Pennsylvania Railroad Co.

Purrington & McConnell, New York City, for Lloyd Braseleiro.

McHugh & Leonard, New York City, for John W. McGrath Corp.

MEMORANDUM

THOMAS F. MURPHY, District Judge.

Plaintiff's motion to remand raises the troublesome question of applying the phrase "separate and independent claim or cause of action" contained in the removal statute, 28 U.S.C. § 1441(c).

The action was started in the Supreme Court of the State of New York, County of New York, and removed to this court by two of the three defendants, The Pennsylvania Railroad Company and Lloyd Braseleiro, both foreign corporations. The other defendant, John W. McGrath Corp., is a New York corporation, as is plaintiff.

The question presented is whether plaintiff's complaint alleges a single wrong to it for which damages are sought from one or more of the defendants. If such is the case there is no separate and independent claim or cause of action under· § 1441(c). See American Fire & Gas Co. v. Finn, 341 U.S. 6, 9, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

The plaintiff has alleged five alternate causes of action, each requesting the same amount of damages, viz., $10,459.19. All of the causes of action are based on the sinking of Pennsylvania's Lighter

#212 between two piers, one leased by plaintiff at the foot of 29th Street, Brooklyn, and the other leased by defendant, Lloyd, at the foot of 30th Street, Brooklyn. The lighter sank in the slip between plaintiff's and Lloyd's piers blocking the entrance to the south berths of plaintiff's pier for a period of six days, thus causing plaintiff to be prevented from carrying on its terminal and stevedoring operations during that time.

The first cause of action is for negligence and accuses all three, or some of them, of negligently causing the lighter to sink. The second, third and fourth causes of action are also based on negligence and are against each defendant separately and alternatively and the fifth cause of action is against Pennsylvania, alleging a wrongful interference by it of plaintiff's easement and right of way between the slips of the 29th and 30th Street piers.

It seems to us reasonably clear that plaintiff is complaining of a single wrong, viz., the deprivation of its right to do business as a terminal and stevedoring company, and it is uncertain as to which one or more of the defendants is responsible for that injury. The mere fact that it labels its right as an easement or right of way in one cause of action should not detract from the obvious fact that it has had only one injury, viz., the loss of its business.

Although there are many cases construing this section they all relate back in the final analysis to the construction placed upon it by the Supreme Court in *Finn*, supra. We feel that plaintiff comes within the teaching of that case and its motion to remand is granted, in part. Since Pennsylvania's answer alleges the Federal Limitation Liability Act, 46 U.S.C. § 183 et seq., the better practice appears to be that this feature of the case should remain in the district court. Ex parte Green, 286 U.S. 437, 439, 52 S.Ct. 602, 76 L.Ed. 1212 (1931).

Accordingly, plaintiff's motion to remand is granted but the issue of limitation of liability raised by Pennsylvania will not be removed but will remain in this court.

These are orders. No settlements are necessary.

### On Reargument

Motion to reargue is granted and on reargument we adhere to our original decision of May 10, 1967.

Deep Sea Tankers v. The Long Branch, 258 F.2d 757, 771–773 (2d Cir. 1958), cert. denied, 358 U.S. 933, 79 S.Ct. 316, 3 L.Ed.2d 305 (1959), is controlling authority for the proposition that the defendant railroad may plead the limitation of liability statute, 46 U.S.C. § 183 et seq., even though six months had elapsed, thus preventing it from *instituting* a proceeding under the act.

Plaintiff's alternate motion for relief under 28 U.S.C. § 1292(b) is denied.

These are orders. No settlements are necessary.