**In the Matter of the Complaint of KINGSTON SHIPPING CO., INC., et al., Plaintiffs-Appellees,**

**v.**

**Jeanette ROBERTS, et al., Defendants,**

**Polish Steamship Company, I. S. Joseph Shipping Co., Ltd., I. S. Joseph Co., Inc., Clipper Maritime Co., Ltd., Pell Nederland, B.V., Termar Navigation Co., Turbana Banana Corp., Gulfcoast Transit Co., ABC Containerline, N.V., Wallenius Rederierna & Motorship, Inc., A/B Helsingfors Steamships Co., Ltd., Alianza Naviera Argentina, S.A., Marthanassa Compania, Naviera, S.A., Navios Corp. & Oceanside, Ltd., Claimants-Appellants.**

**No. 81–5343**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 4, 1982.

---

of *Calmaquip* in light of the Supreme Court's decision in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978),

and assume jurisdiction without remanding for this ministerial act. The parties in this case waive any alleged non-compliance.

Jack C. Rinard, David F. Pope, Tampa, Fla., for Polish Steamship, Joseph Shipping, Joseph, Clipper, Nederland Termar Navigation, Turbana Corp. and Ultraocean.

Gregg D. Thomas, Tampa, Fla., for Gulfcoast.

Jerome V. Flanagan, Hoch, Flanagan & Snyder, Boston, Mass., for plaintiffs-appellees.

Dewey R. Villareal, Jr., Tampa, Fla., for Kingston Shipping Co., Inc. and Apex Marine Corp.

Walter C. Hartridge, Bohan, Williams & Levy, Savannah, Ga., for James T. Rovolis, Coleen R. Rovolis, Carmel D. Rovolis and George Ronald Rovolis, Sr.

Gregory J. Orcutt, Dixon, Lawson & Brown, Tampa, Fla., for Flores.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Kingston Shipping Co., Inc., and Apex Marine Corp. filed an action in the United States District Court for the Middle District of Florida for "exoneration from or limitation of liability" growing out of a collision between the United States Coast Guard buoy tender BLACKTHORN and the S/S CAPRICORN that occurred in January 1980 in Tampa Bay. As a result of the collision, the BLACKTHORN sank in the main ship channel of the port of Tampa, blocking the channel and precluding deep draft vessels from either entering or departing until the wreckage was cleared about 26 days later. The owners of these "delayed-vessels" filed claims seeking to recover damages incurred as a result of their delayed passage into or out of the port of Tampa. Plaintiffs Kingston Shipping and Apex Marine moved to dismiss the claims of the delayed-claimants and the district judge dismissed these claims for failure to state a claim upon which relief could be granted.

This case is governed by the rule set down in *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927) and adopted by the former Fifth Circuit. *Vicksburg Towing Co. v. Mississippi Marine Transport Co.*, 609 F.2d 176 (5th Cir. 1980); *Louisville and Nashville Railroad Co. v. M/V Bayou Lacombe*, 597 F.2d 469 (5th Cir. 1979); *Dick Meyers Towing Service, Inc. v. United States*, 577 F.2d 1023 (5th Cir. 1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).[1] *Robins* made clear that a party may not recover for economic losses not associated with physical damages. The court states: "as a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong." 275 U.S. at 309, 48 S.Ct. at 135.

Appellants' attempts to question the validity or applicability of the *Robins* rule are without merit. In *Louisville and Nashville*, the former Fifth Circuit reaffirmed the validity of the rule: "Whatever the wisdom of the traditional rule of nonliability for negligent acts causing economic loss, *Robins* reflects the state of law in this circuit." 597 F.2d at 472.

---

1. The Eleventh Circuit has adopted the case law of the former Fifth Circuit as its governing body of precedent. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

The order of the district court is AF-FIRMED.