In the Matter of the Complaint of BUSINELLE TOWING CORPORATION, Owner of the M/V KATHLEEN, for Exoneration from or Limitation of Liability.

Civ. A. No. 82–54–B.

United States District Court, M. D. Louisiana.

May 25, 1982.

David L. Carrigee, New Orleans, La., for plaintiff.

James Floyd, Charles R. Moore, Baton Rouge, La., for claimants.

POLOZOLA, District Judge.

This matter is before the Court on the motion of James Floyd to modify an injunction previously rendered by the Court which enjoined the commencement or prosecution of any actions against the plaintiff, Businelle Towing Corporation, its underwriters or any of its property arising out of any claims with respect to which the plaintiff brings this limitation proceeding. The case is brought by the plaintiff seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 181 et seq. This suit arises out of an accident in which James Floyd was allegedly injured while working as a deckhand aboard the M/V Kathleen, which is owned by the plaintiff. Floyd has filed an action against the plaintiff in state court under the Jones Act and general maritime law. Floyd now desires to proceed with that action despite the pendency of the instant limitation proceeding.

The purpose of the Limitation of Liability Act, 46 U.S.C. § 181 et seq., is to assure that the liability for any damage arising from a disaster at sea which is occasioned without the privity or knowledge of the shipowner shall in no case exceed the value of the vessel at fault together with her pending freight. *Helena Marine Service, Inc. v. Sioux City, Etc.*, 564 F.2d 15 (8 Cir. 1977). The statute allows the shipowner to tender to the court either a bond equal in value to the owner's interest in the vessel and freight, or that interest itself. If he does, "all claims and proceedings against the owner with respect to the matter in question will cease." 46 U.S.C. § 185. Ordinarily, the District Court in which the proceeding is brought will issue a restraining order or an injunction staying all other proceedings. *Helena Marine Service, Inc.*, supra.

28 U.S.C. § 1333 confers upon the District Courts exclusive original jurisdiction over any civil case of admiralty or maritime jurisdiction, "saving to suitors in all cases all other remedies to which they are otherwise entitled." This obviously conflicts with 46 U.S.C. § 185. The courts have attempted a compromise between the policies of the two statutes. The District Court wherein the limitation proceeding is filed may, in its sound discretion, dissolve the stay of proceedings and allow all claimants to proceed against the shipowner in other courts. *Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931); *Ex parte Green*, 286 U.S. 437, 438,

52 S.Ct. 602, 76 L.Ed. 1212 (1932). The above two cases represent the principal pronouncements of the Supreme Court in this area. Under the line of jurisprudence which has sprung from them, "a refusal to dissolve the stay is usually an abuse of discretion in a clear single-claimant case." *Helena Marine Service, Inc.,* supra, at 18.

It appears that James Floyd is the only potential claimant to receive injury in the accident which prompted this action. Floyd argues that he should be allowed to proceed with his state court action because if the judgment in that court were to award him less than the value of the vessel and her freight, these proceedings would be unnecessary. If the judgment exceeded this value, this Court could still determine the plaintiff's right to limitation of liability.

According to Professors Gilmore and Black in Gilmore & Black, *The Law of Admiralty,* 2d Ed. (1975) at 871–872, the following procedure should be followed by the Court:

> The procedure which has been worked out under the Green cases is as follows: a single claim plaintiff who wishes to prosecute a common law action after the shipowner has filed a petition for limitation must
>
> a) file his claim in the limitation proceeding;
>
> b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;
>
> c) consent to waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court;
>
> d) concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.
>
> In what may be called the typical Langnes v. Green situation, the admiralty court dissolves or modifies its § 185 injunction to allow the civil action to proceed, meanwhile holding the limitation proceeding in abeyance until the result of the civil action is known. If, in that action, judgment is for the shipowner or

is for the plaintiff in an amount less than the limitation fund, then the shipowner's right to limitation will never have to be decided. It is, however, possible for the admiralty court to reverse the customary sequence and decide the limitation issues first.

■ Floyd has filed his claim in this proceeding and has made the stipulations and concessions listed above. Nevertheless, the plaintiff suggests that the Court's stay should not be lifted because Floyd has not stipulated to the plaintiff's right to limitation, as opposed to his right to have the limitation issue litigated in this proceeding. The plaintiff argues that this further stipulation is required under *Ex parte Green,* supra. This Court does not agree with this argument.

In *Langnes v. Green,* supra, the Supreme Court held that a district court in a limitation proceeding had abused its discretion when it refused to allow a personal injury claimant to proceed with his common law action in state court where he was the only claimant against the vessel owner and had stipulated to the value of the vessel. The Court said that the district court should have allowed the state action to proceed "retaining, as a matter of precaution, the petition for a limitation to be dealt with in the possible but ... unlikely event that the right of petitioner to a limited liability might be brought into question in the state court..." 282 U.S. 531, 541, 51 S.Ct. 243, 247. On remand the district court followed these instructions. Subsequently, in the state court the issue of the owner's right to limit *was* raised. At that point the district court enjoined the state court proceeding a second time until such time as the claimant would withdraw the issue. This was affirmed in *Ex parte Green,* supra.

The plaintiff's argument that further stipulations are required of the claimant is based upon the following language in *Ex parte Green:*

> "It is clear from our opinion that the state court has no jurisdiction to determine the question of the owner's right to a limited liability, and that, if the value

of the vessel be not accepted as the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case." 286 U.S. 437, 439–440, 52 S.Ct. 602, 603.

Despite the above language, the circuits have held that taken as a whole and in context, the import of the *Green* cases is that all that is required of a claimant is that he recognize the plaintiff in limitation's right to litigate the limitation issue in federal court. *Petition of Red Star Barge Line Inc.*, 160 F.2d 436 (2 Cir. 1947) cert. denied 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859 (1947); *Great Lakes Dredge Co. v. Lynch (The James A. Dubbs)*, 173 F.2d 281 (6 Cir. 1949); *Anderson v. Nadon*, 360 F.2d 53 (9 Cir. 1966); *Helena Marine Service, Inc. v. Sioux City, Etc.*, 564 F.2d 15, cert. denied 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1977). Furthermore, the Courts have stated that while in both single-claimant limitation cases and multiple-claimant situations where the total claims do not exceed the limitation fund, the state action may proceed, ... "*exclusive. final determination of the right to limitation ...* is reserved to the limitation court." *Pennell v. Read*, 309 F.2d 455 (5 Cir. 1962) at 456 n.2. In *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 549 n.8 (5 Cir. 1960) and in *Complaint of Mucho K, Inc.*, 578 F.2d 1156, 1158 (5 Cir. 1978) the Fifth Circuit also stated that in these situations the limitation court determines the right of the limitation plaintiff to limit his liability.

The cases cited above show that the plaintiff herein may not demand that modification of the Court's stay of the claimant's state court action be conditioned upon a stipulation of the plaintiff's right to limitation. The determination of that issue may be made by this Court should it become necessary. The jurisprudence also indicates that the Court should, in its discretion, allow the state court action to proceed, within certain limitations set by the Court.

Therefore:

█ IT IS ORDERED that the motion of the claimant for the modification of the Court's injunction of any proceedings with respect to claims for which plaintiff seeks limitation be and hereby is GRANTED, to the extent that claimant is hereby permitted to prosecute his action against the plaintiff entitled *James Ray Floyd v. Businelle Towing Corporation and Commercial Union Insurance Company*, No. 26,966, Division "B", 18th Judicial District Court, Parish of Iberville, State of Louisiana, on the following conditions: (1) that the final determination of plaintiff's right to limitation of liability for that claim and the determination of the amount of the fund to which it will be limited are hereby specifically reserved to this Court; and (2) that the claimant has waived any claim of res judicata relevant to the issue of limited liability based on the judgment rendered in the state court action.