**In the Matter of the Complaint of TROPI-GAS CARRIERS, INC. As Owners of the Motor Vessel "FRED H. BILLUPS" For Exoneration From or Limitation of Liability.**

No. 82–2729–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 26, 1985.

Brett Rivkind, Miami, Fla., for plaintiff.

Murray Sams, Jr., Howard Hill Bennet, Miami, Fla., for claimant.

MEMORANDUM OPINION AND ORDER GRANTING CLAIMANT'S MOTION TO LIFT INJUNCTION; GRANTING MOTION FOR DUE APPRAISAL; REMOVING CASE FROM TRIAL CALENDAR; CANCELLING PRE-TRIAL CONFERENCE

SPELLMAN, District Judge.

On December 17, 1982, an action was filed in the Circuit Court of the Eleventh Judicial Circuit, Dade County, on behalf of Hector Franco for injuries he sustained while on board the vessel "FRED H. BILLUPS" on June 21, 1982. It is alleged that Plaintiff suffered "severe and permanent injuries as a result of negligence of the captain and crew of the vessel due to the failure of the defendant to properly inspect and warn the plaintiff of an unsafe, dan-

gerous condition; this condition directly contributed to the plaintiff sustaining his injuries." It is also alleged that because proper and timely medical treatment was not provided by the Captain of the vessel, the Plaintiff suffered severe aggravation of his injuries. Punitive damages were claimed. *See Hector Franco v. Tropigas Carriers, Inc.,* No. 82–24318, Dade County Circuit Court, Eleventh Judicial Circuit.

On December 17, 1982, Defendant Tropigas Carriers, Inc. filed in this Court its Petition for Exoneration from or limitation of liability. On January 12, 1983, this Court entered an injunction enjoining the prosecution of all other actions during the pendency of the instant proceedings. The Claimant now moves "for entry of an Order lifting the Injunction on January 12, 1983 in order to allow the pending state common-law action to go forward." Claimant's Motion is granted.

 It is by now well-established that the federal courts have exclusive jurisdiction to determine whether or not the shipowner is entitled to a limitation of liability or is exempt from liability. *See, e.g., Great Lakes Dredge & Dock Co. v. Lynch,* 173 F.2d 281 (6th Cir.1949). Whether or not the Claimant should be barred from proceeding with the common law state court action pending the outcome of the limitation proceeding, however, hinges on whether or not there are single or multiple claims filed against the vessel owner. Courts have consistently held that where there is a single claim brought against the vessel owner, there is no reason to prevent the state court action from proceeding. *See Petition of Red Star Barge Line, Inc.,* 160 F.2d 436, 437 (2nd Cir.), *cert. denied,* 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859 (1947).

Two United States Supreme Court cases established the practice of permitting a single Claimant to proceed with his state court suit. In the first of the two cases, *Langnes v. Green,* 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), the Court held that the district court should have allowed the state court action to proceed "retaining,

as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but ... unlikely event that the right of petitioner to a limited liability might be brought into question in the state court." *Id.* at 541–42, 51 S.Ct. at 247.

In *Green,* the "unlikely event" occurred. In the state court, Green put in issue the right of the owner to limited liability, by challenging the seaworthiness of the vessel and the lack of the owner's privity of knowledge. When this was brought to the attention of the court in the limitation proceeding, further prosecution of the state court action was enjoined, but Green was given an opportunity to withdraw in the state court the issue as to the right of the owner to limited liability. This disposition of the matter was approved by the Supreme Court in the second case, *Ex Parte Green,* 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932).

As far as can be gathered from Justice Sutherland's two opinions, at no time did Green concede the right of the vessel owner to limit. He was restrained from continuing the prosecution of his action if he insisted on putting in issue in that suit the owner's right to limited liability, but the lifting of the injunction was not conditioned upon his filing a concession of the right but upon his withdrawal of the issue from litigation in the state court. Now, however, a concession is required.

In 1947, the Second Circuit Court of Appeals determined that the Claimant must concede, to proceed with the common law action in state court, that the shipowner has the right to litigate in the federal court limitation proceedings all issues relating to limitation. *Petition of Red Star Barge Line, Inc.,* 160 F.2d 436 (2nd Cir.), *cert. denied,* 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859 (1947). *See also Petition of Moran Transportation Corp.,* 185 F.2d 386 (2nd Cir.1950), *cert. denied,* 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687 (1951).

The *Green* cases and the second circuit rulings were conclusively reaffirmed in *Lakes Tankers Corp. v. Henn,* 354 U.S.

147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957).* In *Henn,* the Court discussed the Limited Liability Act, 46 U.S.C. §§ 181–196, and decided that the shipowner must not be able to "thwart" the claimant's right to a jury trial in state court:

> The state proceeding could have no possible effect on the petitioner's claim for limited liability in the admiralty court and the provisions of the Act, therefore, do not control. It follows that there can be no reason why a shipowner, under such conditions, should be treated any more favorably than an airline, bus, or railroad company. None of them can force a damage claimant to trial without a jury. They, too, must suffer a multiplicity of suits. Likewise, the shipowner, so long as his claim of limited liability is not jeopardized, is subject to all common-law remedies available against other parties in damage actions. The Act, as we have said, was not adopted to insulate shipowners from liability but merely to limit it to the value of the vessel and the pending freight.

*Id.* at 153, 77 S.Ct. at 1272–73 (citations omitted).

Thus, because the shipowner has failed to offer any reason why Claimant's motion to permit his state court action to proceed should not be granted and in fact "cannot argue [with] the cases cited by the Claimant in its Memorandum," Claimant's Motion to Lift the Injunction entered on January 12, 1983 is granted. The above cited cases demonstrate that the customary procedure in cases such as this, where a single Claimant is involved, is for the district court to lift the injunction to permit the state trial court action to proceed.

By abstaining now, until the state court action is concluded, there is a great likelihood that this Court will never have to decide the limitation issue. If the state court judgment is for the shipowner or is for the Claimant in an amount less than the limitation fund, this Court will be spared the necessity of hearing the limitation is-

sue. Thus, the injunction is lifted, and Claimant is hereby ordered to file with this Court a proper statement conceding the sufficiency and amount of the Stipulation for Value, filed on December 17, 1982, and a statement waiving any claim of res judicata relevant to the issue of limited liability based on any judgment received in the state court action.

■ In regards to the statement conceding the sufficiency and amount of the shipowner's *Ad Interim* Stipulation for Value, Claimant has filed a Motion to Increase Security and Cause Due Appraisement on February 11, 1985. Claimant contends that the stipulation does not at all reflect "the true value of Petitioner's interest in the motor vessel 'FRED H. BILLUPS' and the freight then pending." This Court agrees and therefore grants Claimant's Motion for Due Appraisement.

The only affidavit supporting the stipulation is by an interested party (affiant, Mr. Bayer, is a vice-president of Petitioner corporation) and should not be relied upon as an unbiased and disinterested appraisal of true value. The affidavit lacks the necessary guarantee of trustworthiness upon which to make a determination of the shipowner's interest in the vessel. *See Petition of Sanders,* 56 F.Supp. 887 (E.D.Va. 1944). This is especially true in light of the fact that the vessel was insured for $2,500,000 at the time of the accident while Petitioner's Stipulation states $500,000 as the vessel's worth. *Complaint of Red Star Barge Line, Inc.,* 683 F.2d 42 (2nd Cir. 1982) (amount for which a vessel is insured is one method to be used in determining the true value of a vessel). Thus, Claimant's Motion is granted. This Court, pursuant to Local Admiralty Rule 10, shall order due appraisal be made by a Court appointed appraiser. The Parties are directed, within ten (10) days from the date of this Memorandum Opinion and Order, to submit to this Court the name or names of agreed-upon appraisers to make this appraisal.

* The reaffirmation was "so clear that the issue has almost entirely disappeared from litigation since the 1950's." Gilmore & Black, The Law of Admiralty, at 871 n. 84 (2d ed.1975).

Based on this Court's conclusion, the case is hereby removed from the March, 1985 trial calendar and the Pre-Trial Conference, scheduled for February 28, 1985 at 10:30 a.m., is cancelled. Claimant's Motion to Compel the Production of Documents, filed on February 12, 1985, and Petitioner's Motion for Protective Order and/or Motion to Quash, filed on February 22, 1985, shall be held in abeyance pending the resolution of the state court proceedings. Petitioner's Motion to Strike Reply Memorandum of Claimant, filed on February 22, 1985, is denied as moot.