In the Matter of **LUHR BROTHERS INC.,** as the Owner of M/V **CHARLIE B,** Praying for Exoneration from or Limitation of Liability

v.

**Ira GAGNARD and Johnna B. Gagnard.**

**Civ. A. No. 90–1747.**

United States District Court, W.D. Louisiana, Alexandria Division.

May 14, 1991.

Gregory S. Erwin, Bolen, Erwin, Johnson & Coleman, Alexandria, La., for plaintiff.

John T. Bennett, Bennett, Bennett & Bennett, Marksville, La., for defendants.

## RULING

LITTLE, District Judge.

This admiralty action for limitation of liability arises out of the grounding of the M/V CHARLIE B and the attendant personal injury that Ira Gagnard suffered

while on board. Before the court is our *sua sponte* motion to reconsider our earlier dismissal of the petition to limit liability.

## I. FACTS

On 10 November 1989, the M/V CHARLIE B was transporting workers to a barge. It struck a sand bar in the Red River. This incident caused the vessel suddenly to list, which in turn threw Mr. Gagnard to the deck. Defendants filed a Jones Act claim, 46 U.S.C.App. § 688, in the 35th Judicial District Court for the Parish of Grant. Plaintiff removed the action to this court. However, upon motion this court remanded the action, noting the prohibition against removal of Jones Act suits. *Gagnard v. Luhr Bros., Inc.*, CV–90–0412, Ruling of 30 April 1990. Almost three months later, Luhr Bros. brought its petition to limit its liability to the value of the vessel as of the date of her last voyage. The petition lists only the Gagnards as claimants.

The Gagnards moved to lift the stay this court had placed upon all actions involving the matters forming the limitation action.[1] They sought to proceed with the state court action. No other claimant has come forward within the allotted time to file a claim in the limitation proceeding. This court granted the motion to lift the stay. The court also dismissed the limitation proceeding. Curiously, petitioner sought mandamus relief from the Court of Appeals for the Fifth Circuit (notwithstanding that this court had rendered a final judgment) and asked this court to stay the dismissal until a ruling could be obtained from that court.

Reflecting on its action, the court *sua sponte* conducted a hearing in which counsel for both parties were notified would concern the grounds that petitioners raised in their petition for mandamus relief. *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir.1962); Fed.R.Civ.P. 60(b)(1). At the hearing, counsel for the Gagnards agreed to stipulate to certain matter.

Counsel for the petitioner argued that this court should not lift the stay because, even though the Gagnards had made the stipulations, the Jones Act action in state court properly had been removed to federal court (and therefore implicitly that this court erroneously remanded it). The court directed counsel for the Gagnards to submit a judgment by which the court would lift the stay, subject to the petitioner's right to adjudicate limitation issues in this court upon the termination of the state court action.

## II. REMOVAL JURISDICTION

Petitioner contends that it properly removed the state court Jones Act suit to this court. It removed the original Jones Act claim to this court, claiming "[t]he above described civil action is one of which this Court has original jurisdiction under the provisions of Title 46, U.S.C. Section 688.... 'Federal question' jurisdiction is present under the Jones Act." Upon submitting its answer, petitioner averred, "[t]his Court lacks jurisdiction on the subject matter of the complaint under the provisions of the general maritime law and the Jones Act, 46 U.S.C. Section 688." The Gagnards moved to remand the case to state court. They noted the clear, longstanding prohibition against the removal of Jones Act claims to federal court, even where diversity jurisdiction is present. *Pate v. Standard Dredging Corp.*, 193 F.2d 498, 500 (5th Cir.1952). Luhr Brothers, Inc. failed to respond to the motion. As noted above, the court granted the motion, citing the prohibition against removal of Jones Act claims. Luhr Brothers did not move to reconsider this ruling. These events took place approximately one year ago. For Luhr Brothers to contend now that the removal was proper, having failed to respond to the motion to remand and having failed to cite any supporting authority at the hearing, is indeed interesting. The court declines to reconsider its ruling at this time.

---

1. In issuing an injunction and accepting an *ad interim* stipulation of value, this court signed only one order, avoiding the admiralty temptation in the face of "sheaves of papers" that "have come *ex parte*" to sign "three orders where one would have done." *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 548 (5th Cir.1960).

## III. LIFTING THE STAY

■ Petitioner objects to the proposed judgment on the basis that the proposed judgment does not "concede the sufficiency of the stipulation for value of the tug boat which has been filed by Luhr Brothers in this matter in lieu of a ship transfer." Counsel for petitioner did not raise this argument at the hearing.

The proposed judgment reflects counsel for Gagnards' stipulation at the hearing that all matters relative to petitioner's effort to limit liability would be tried in this court upon the conclusion of the state court proceedings and that the state court action would not be accorded res judicata effect in this court. As noted above, petitioner objects to the Gagnards' failure to stipulate further that the security bond given in lieu of physical transfer of the ship to a trustee or to deposit with the court the equivalent amount in cash is sufficient to cover the limitation fund.

■ The much-maligned Limitation of Liability Act[2], 46 U.S.C.App. §§ 183–189, consists of two key features. First, it limits the in personam liability of vessel owners for "any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture" incurred without "the privity or knowledge of such owner or owners" to the value of the owner's interest in the vessel and her pending freight. § 183(a). Such value constitutes the "limitation fund." The right to limit liability includes liability for statutory or general maritime law claims for personal injury. *In re Wood's Petition (The Susan )*, 230 F.2d 197, 199 (2d Cir.1956). If the value of the vessel and her freight is not sufficient to pay all claims in full, the claimants shall receive compensation in proportion to their losses. § 184. Second, limitation proceedings initiated by the vessel owner act as a concursus for all claims then pending or that may be brought against the owner in connection with the vessel (except those claims not subject to limitation) so that the owner's assets may be marshalled and equitably distributed. *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 151, 77 S.Ct. 1269, 1271, 1 L.Ed.2d 1246 (1957). A petitioner must initiate a limitation proceeding by depositing with the court "a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor...." 46 U.S.C. App. § 185. Limitation proceedings are cognizable only under the admiralty jurisdiction of the federal courts. *Sisson v. Ruby*, —— U.S. ——, 110 S.Ct. 2892, 2894, 111 L.Ed.2d 292 (1990); *The San Pedro*, 223 U.S. 365, 372, 32 S.Ct. 275, 276, 56 L.Ed. 473 (1912). Thus, limitation claims are not tried to juries. *The Sarah*, 21 U.S. (8 Wheat) 391, 394, 5 L.Ed. 644 (1823); *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071 (5th Cir.1985); Fed.R.Civ.P. 38(e).

While limitation proceedings afford to a shipowner the right to have all litigation concerning the maritime mishap occur in one admiralty proceeding (and thus without a jury), the Jones Act affords to injured crewmen the right to obtain a jury trial in a forum of the crewman's choosing. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 381, 79 S.Ct. 468, 485, 3 L.Ed.2d 368 (1959); 46 U.S.C.App. § 688. Obviously, the two statutes conflict where one of the claims asserted in the limitation proceedings is a Jones Act claim.

■ The federal courts have developed an imaginative body of jurisprudence attempting to reconcile and to preserve these two conflicting rights. In the situation presented here, where there is a single claimant in an admiralty limitation proceeding, the courts have held that the admiralty court should lift the injunction and allow the claim to be tried in a "law court" where doing so preserves the rights of both parties (the claimant's right to a jury trial and the shipowner's right to limit its liability).

---

**2.** *University of Texas Medical Branch at Galveston v. United States*, 557 F.2d 438, 441 (5th Cir.1977) ("hopelessly anachronistic").

*Langnes v. Green,* 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931); *Complaint of Mucho K, Inc.,* 578 F.2d 1156, 1158 (5th Cir.1978); *Pershing Auto Rentals, Inc. v. Gaffney,* 279 F.2d 546, 548 (5th Cir.1960). Under these circumstances, the state court action is permitted to continue until a judgment is rendered while the limitation action is held in abeyance. *Langnes,* 282 U.S. at 541, 51 S.Ct. at 247. Failure to lift the stay in this manner is reversible error. *Id.* at 542, 51 S.Ct. at 247. *Mucho K,* 578 F.2d at 1158.

■ The claimant must agree to stipulate, as a prerequisite to the court's lifting the stay, that the judgment in the state court action will not act as res judicata on the issue of limitation (i.e. whether the owner has the right to limit). *Ex parte Green,* 286 U.S. 437, 440, 52 S.Ct. 602, 603, 76 L.Ed. 1212 (1932). The issue of whether the owner has the right to limit under the act must be tried in the admiralty court. *Ex parte Green,* 286 U.S. at 440, 52 S.Ct. at 603; *Petition of Red Star Barge Line, Inc.,* 160 F.2d 436, 438 (2d Cir.1947); Gilmore & Black, *The Law of Admiralty,* § 10–18 at 871 (1975). The admiralty action proceeds after the state court renders judgment and only if the state court judgment is for the plaintiff and for an amount greater than the limitation fund (i.e. for more than the value of the vessel and cargo at the end of her last voyage).[3] Gilmore & Black, *supra.* If, on the other hand, the claimant does not make the above stipulation, the admiralty court must continue to enjoin the state court action and try the entire case without a jury, notwithstanding the provisions of 28 U.S.C. § 1333, saving to suitors all common law remedies, and of the Jones Act's explicit provision for jury trials. *Ex parte Green,* 286 U.S. at 440, 52 S.Ct. at 603.

Professors Gilmore and Black, in their monumental treatise on the American law of admiralty, *The Law of Admiralty, supra,* state the following proposition:

The procedure which has been worked out under the Green cases is as follows: a single claim plaintiff who wishes to prosecute a common law action after the shipowner has filed a petition for limitation must

a) file his claim in the limitation proceeding;

b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;

c) consent to waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court;

d) concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

Gilmore & Black, *supra* at 871. As authority, they cite a litany of cases decided by the United States Court of Appeals for the Second Circuit. It is the second stipulation they list that gives rise to the instant controversy.

■ One elemental proposition is that in any limitation proceeding, the admiralty court must determine the value of the limitation fund. By statute, the fund is equivalent to the value of the owner's interest in the vessel and her freight at the end of her last voyage. *City of Norwich,* 118 U.S. 468, 491, 6 S.Ct. 1150, 1155, 30 L.Ed. 134 (1886); *Complaint of Caribbean Sea Transport, Ltd.,* 748 F.2d 622, 626 (11th Cir.1984); 46 U.S.C.App. § 183(a). The petitioner must tender to the court the same amount, either in the form of the vessel itself, or in the form of a stipulation for value (a security bond) at the outset of a limitation proceeding.[4] § 185. The court signed an order in this case, upon the affidavit petitioner submitted from a marine surveyor, approving the filed stipulation.

---

**3.** Technically though, the admiralty action would proceed in the sense that the admiralty court would be obligated to approve the claim against the shipowner. This would be a mere formality; it would not be necessary to determine the main issues of limitation in this situation.

**4.** The court possesses great discretion in determining just what constitutes appropriate security. *See e.g. Complaint of Kingston Shipping Co.,* 1982 A.M.C. 134 (M.D.Fla.1981), *aff'd* 667 F.2d 34 (11th Cir.1982).

Such an ex parte determination is not a final determination constituting the "due appraisement" necessitated by Fed.R. Civ.P.Supp.Adm.R.F. Any claimant may at any time challenge the adequacy of such funds or stipulation. *Id.* Upon such a challenge, the court must determine whether the stipulation for value is identical to the amount representing the limitation fund if a challenge is made by any claimant.[5] The court possesses the power to order a petitioner to file additional security where the security provided is determined to represent insufficiently the value of the owner's interest in the vessel and her freight. 46 U.S.C.App. § 185. Neither the filing of a security bond nor the transfer to the court of the vessel and her freight precludes the court's independent evaluation of the adequacy of such security. The court may entertain motions to increase security, for example. *See e.g. Signal Oil & Gas Co. v. Barge W–701,* 654 F.2d 1164, 1172 (5th Cir.1981); *Complaint of Tropigas Carriers, Inc.,* 603 F.Supp. 940, 942 (S.D.Fla.1985). Obviously this is the case or a petitioner could submit a blatantly inadequate bond with impunity, thus entirely thwarting the aims of the limitation statute.

Because it is true that the court may at any time reevaluate the sufficiency of the stipulation of value, it is nonsensical to insist that a Jones Act claimant concede the sufficiency of the stipulation in order to obtain a jury trial. The Jones Act claimant who concedes the petitioner's right to try all issues relevant to the limitation claim should not be forced to concede a substantive element of the petitioner's cause of action, the amount of the limitation fund, solely in order to obtain a jury trial. Such

a jury fee is far too expensive. The court notes that since Professors Gilmore and Black wrote the second edition of their treatise, the federal courts have almost uniformly held that a Jones Act claimant need not stipulate that the petitioner's stipulation for value is sufficient; he need only stipulate that the admiralty court will determine the question of sufficiency. *See Complaint of Midland Enterprises, Inc.,* 886 F.2d 812, 816–18 (6th Cir.1989); *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina, B.V.,* 836 F.2d 750, 758 (2d Cir.1988); *Valley Line Co. v. Ryan,* 771 F.2d 366, 373 (8th Cir. 1985); *Ray v. Lykes Bros. S.S. Co.,* 626 F.Supp. 120, 126 (E.D.La.1985).[6]

An analogous problem arose soon after the Supreme Court rendered its opinion in *Langnes v. Green.* The claimant, who had obtained the right to proceed in state court, immediately challenged in the state court proceeding the shipowner's right to limit its liability. The federal admiralty court, upon motion, immediately enjoined the state court proceeding until Green withdrew this issue from state court consideration. The Supreme Court affirmed the injunction, holding that the limitation issue must be tried in the admiralty court. *Ex parte Green, supra.* Confusion soon developed, however, as to exactly what the claimant needed to stipulate in order to obtain a jury trial. Shipowners argued that the claimant must stipulate that the shipowner has a substantive right to limit its liability. Claimants argued that they needed only to stipulate that the question (involving such matters as shipowner negligence) should be tried in the admiralty court, rather than the jury proceeding. The United States Court

---

5. The better procedure is to appoint an appraiser who makes an independent valuation of the vessel and her freight. *Complaint of Tropigas Carriers, Inc.,* 603 F.Supp. 940, 942 (S.D.Fla. 1985); *see* Local Rules of the United States District Court for the Southern and Eastern Districts of New York, Admiralty Rule 11; Local Rules of the United States District Court for the Southern District of California, Rule 310–3. Upon receiving such an evaluation, the court makes a fact finding as to the value of the limitation fund.

6. We note that our brethren in the United States District Court for the Middle District of Louisiana have stated otherwise. *Complaint of Businelle Towing Co.,* 539 F.Supp. 609 (M.D.La. 1982). In *Businelle,* the question of whether the stipulation of value was sufficient was not explicitly considered. That court simply quoted from the Gilmore & Black passage and held that the right to limitation need not be conceded to modify the stay, only that the question must be decided by the admiralty court. *Id.* at 610–11. As such it is not authority for petitioner's suggested proposition.

of Appeals for the Second Circuit resolved the dilemma in favor of the claimants' position in its authoritative opinion in *Petition of Red Star Barge Line,* 160 F.2d 436 (2d Cir.1947). The Second Circuit court noted that throughout the *Green* saga, Green never conceded the shipowner's right to limit its liability, yet was permitted to obtain a jury trial. The Second Circuit court concluded that the claimant's stipulation that the right to limit liability would be tried in the admiralty court sufficiently protected the shipowner's right of limitation. *Red Star Barge,* 160 F.2d at 438. All other courts have adopted this position and the matter is seldom litigated. *Cf. Complaint of Businell Towing, Inc.,* 539 F.Supp. 609 (M.D.La.1982).

The same analysis should govern the stipulation of value issue. By preserving the sufficiency of the stipulation of value question for subsequent review (if any) in the admiralty court, the petitioner is not prejudiced and its right to invoke limitation is adequately protected.

The Gagnards have stipulated in open court that the state court proceeding will not be accorded res judicata on any issue relevant to petitioner's right to obtain a determination from this court that it may limit liability and that all issues relevant to limitation, including valuation, will be determined in this court sitting in admiralty. It would therefore be reversible error to refuse to lift the stay in this single claim setting.

The court VACATES its judgment of dismissal rendered 8 February 1991. The court further GRANTS the Gagnards' motion to lift the stay while adopting the stipulations counsel made in open court at the 27 March hearing. The court suspends the injunction ordered 21 August 1990 so that Ira and Johnna B. Gagnard may prosecute to final judgment the suit filed in the Thirty–Fifth Judicial District Court for the Parish of Grant entitled "Ira Gagnard and Johnna B. Gagnard v. Luhr Brothers, Inc." No. 7664. The Gagnards may not collect any judgment in their favor without the consent of this court. Upon obtaining a favorable judgment, if any, the Gagnards

may submit the judgment as proof of the claim they submitted in this proceeding. The court will then determine whether and to what extent Luhr Brothers is entitled to limit its liability in this matter. It is further ORDERED that upon the Gagnards' stipulations, no finding of fact rendered in the state court proceeding as to the issue of limitation of liability will be accorded preclusive effect in this proceeding and that all issues relevant to whether Luhr Brothers is entitled to limit liability in accordance with its petition for limited liability will be determined in this court upon the rendition of a final judgment in the state court proceedings.