**MAGNOLIA MARINE TRANSPORT CO., et al.**

v.

**Barbara B. FRYE, et al.**

**Civ. A. No. 90–3053 "I".**

United States District Court, E.D. Louisiana.

Jan. 15, 1991.

Frank J. Dantone, Tucker Gore, Henderson, Duke, Dantone & Hines, Greenville, Miss., for plaintiffs.

Thomas K. Foutz, Gauthier & Murphy, Metairie, La., for Barbara B. Frye.

Charles E. Lugenbuhl, Samuel F. Reynolds, Jr., New Orleans, La., for E.N. Bisso & Son, Inc.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is defendant, Barbara Frye's motion to dismiss the declaratory judgment suit filed by Magnolia Marine Transport Company and its insurers. The declaratory judgment action seeks to have this Court determine the construction of certain insurance policy language that may allow the insurers to limit their liability. By Minute Entry dated December 3, 1990, the Court took this matter under submission on the briefs. In that same Minute Entry the Court consolidated the declaratory judgment suit with the limitation action involving the same parties.[1] The limitation action had been previously stayed by the Court. In addition, the Court also directed the parties to file briefs on the issue of whether the stay of the limitation proceeding should be lifted, allowing the Court to interpret certain insurance policy language for the purpose of deciding whether plaintiff, Magnolia Marine Transport Company's insurers should be allowed to limit their liability to plaintiff's potential liability. Ac-

---

1. The plaintiff insurance companies in the declaratory judgment suit are not currently parties in the limitation action. Therefore, this consoli- dation brings all parties necessary for determining all limitation of liability issues before the Court.

cordingly, after reviewing the motion, memoranda of counsel, the record and the law, the Court denies the motion to dismiss the declaratory judgment action; additionally, the Court must lift the stay of the limitation case and thereby enjoin further state court proceedings, all for the reasons set forth below.

### Facts

On February 10, 1988, Joseph Frye was employed by E.N. Bisso & Son, Inc. as a captain of the tugboat M/V SAM LEBLANC. On that morning a collision occurred between the M/V SAM LEBLANC and a the M/V ERGONOT, a vessel operated by Magnolia Marine Transport Company ("Magnolia Marine"). Following this collision, another vessel, the M/V POINTE COUPEE collided with the M/V SAM LEBLANC, at which time Joseph Frye disappeared overboard and drowned.

On February 17, 1988, the decedent's wife, Barbara Frye, individually and on behalf of her minor children and the estate of Joseph Frye ("Frye claimants") filed a state court suit for damages under the Jones Act, 46 U.S.C.App. § 688, and the General Maritime Law. E.N. Bisso & Son, Inc. ("Bisso claimants") and Mississippi Marine Company, owner of the M/V SAM LEBLANC, were named as defendants in the state court petition. Magnolia Marine and its various insurers were added by a later filed supplemental and amending petition.

Magnolia Marine, as owner and/or owner *pro hac vice* of the M/V ERGONOT, subsequently filed in this Court an action for exoneration from or limitation of liability in accordance with Rule 9(h) of the Federal Rules of Civil Procedure, 46 U.S.C.App. § 181, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. Thereafter, an order

was issued staying Barbara Frye's previously filed state court action. The Frye and Bisso claimants are the only claimants in the limitation action. At a conference with the Court held August 22, 1990, five days before the limitation trial, the claimants in the limitation proceeding represented to the Court that it appeared Magnolia Marine's insurance policy might not allow its insurers to limit their liability. The claimants also stated that they wished to have the state court determine whether a direct action therefore existed against the insurers. The claimants also represented that such a determination would "moot" the necessity of a limitation trial. Considering that the state court proceeding might render the limitation moot, and because Magnolia Marine presented no convincing authority to the contrary, the Court stayed the limitation action and ordered it closed for statistical purposes. The Frye claimants filed the instant motion to dismiss the declaratory judgment due to the ongoing state court suit.[2]

### Analysis

■ The issue before the Court is whether construction of the insurance policy language is more properly addressed by this Court as a part of the limitation proceeding, or whether, on the other hand, the Frye claimants and the Bisso claimants may have the state court interpret the policy language before this Court has determined Magnolia Marine's right to limit liability.

The Frye and Bisso claimants maintain that it is proper for the state court to interpret Magnolia Marine's policy of insurance. They argue that if the state court decides the underwriters have no limitation defense based on their policies, neither of the claimants will have to execute on any judgment against Magnolia Marine.[3] If,

---

**2.** As noted above, the Court previously consolidated the declaratory judgment action with the limitation action. Because the Court is, by this Order, lifting the stay of the limitation case and enjoining further state court proceedings, the motion to dismiss the declaratory judgment suit on the basis of the pending state court action is moot.

**3.** A separate action against the insurers cannot be maintained since Magnolia Marine would be an indispensable party to such a suit. *See Complaint of McDonough Marine Service,* 749 F.Supp. 128, 133 (E.D.La.1990) (citing *In re Brent Towing Co.,* 414 F.Supp. 131 (N.D.Fla. 1975)).

however, the state court upholds the underwriters' policy defense of limitation, then all parties would have to return to this Court for a trial on Magnolia Marine's right to limit liability.

Magnolia and its insurers argue that the policy language is necessarily a limitation issue. If the state court determines that the "magic language" is contained in the policy, the state proceeding can go no further, since Magnolia Marine and its insurers would all then be entitled to attempt to limit their liability in this Court. *See Crown Zellerbach Corp. v. Ingram Industries, Inc.*, 783 F.2d 1296 (5th Cir.1986) (en banc). Conversely, in the event that the state court determines the "magic language" is not contained in the policy, Magnolia and its insurers would be subject to a potential judgment without having had the benefit of attempting to limit liability, *an exclusively federal remedy.*

This is a classic case of putting the proverbial cart before the horse. There is no reason why the state court case should proceed before all limitation issues are resolved. In states that provide for direct actions against insurers, those insurers are not liable for any amount beyond the shipowner's judicially approved limitation of liability. *Crown Zellerbach*, 783 F.2d at 1300–03. Depending on the construction of the particular policy language, an insurer may be subject to the protections of the Limitation Act, 46 U.S.C.App. § 181, *et seq.* The Frye and Bisso claimants maintain that while this may be so, Magnolia Marine and its insurers have no right to have the policy language, which may allow Magnolia's insurers to limit their liability, interpreted by a federal court. The issue then becomes whether interpretation of Magnolia Marine's policy is more properly a function of the limitation proceeding, which is exclusively federal in nature; or, whether interpreting that policy language is a necessary part of Barbara Frye's maritime savings to

suitors[4] rights in the state court proceeding.

The Court finds that interpreting such insurance policy language is necessarily a function of the limitation proceeding and does not interfere with Mrs. Frye's right to a common law remedy under the savings to suitors clause. *See* Schoenbaum, *Admiralty and Maritime Law*, § 14–4, p. 486 and n. 7 (1987). Under the savings to suitors clause, the Frye claimants are guaranteed a remedy, not a non-federal forum. *Fogleman v. Tidewater Barges, Inc.*, 747 F.Supp. 348, 355 (E.D.La.1990) (citing *Poirier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. Unit A June 1981)). Mrs. Frye's state court rights are preserved because at the termination of the limitation proceeding the Frye and Bisso claimants may return to state court and have the fault issues determined.

 There is another reason why the stay of the limitation action must be lifted and the state court proceeding enjoined. Generally, there are only two situations in which a claimant must be allowed to pursue an action outside the limitation proceeding: (1) where the parties stipulate that the value of the limitation fund exceeds the total value of all claims asserted against the shipowner; and (2) where only a single claim has been made against the vessel owner and the claimant stipulates to limit the vessel owner's liability to the value of the vessel, that the state court judgment will not be given res judicata effect, and that the district court has exclusive jurisdiction to determine all issues concerning the right of the shipowner to limit liability. *See* Schoenbaum, *Admiralty and Maritime Law*, § 14–5, at p. 489 (West 1987 & Supp.1989) (citations omitted).

Neither of those situations exist in the present case. The two claimants cannot stipulate[5] that their claims do not exceed the value of Magnolia Marine's vessel without also applying that stipulation to Mag-

---

**4.** *See* 28 U.S.C. § 1333(1).

**5.** The two claimants in the present case have filed *"Kattleman"* stipulations to the effect that they will not pursue Magnolia Marine in the state court for more than the value of the M/V

ERGONOT. *See Kattleman v. Otis Engineering Corp.*, 701 F.Supp. 560 (E.D.La.1988). They have not, however, made this stipulation effective as to Magnolia Marine's insurers.

nolia Marine's insurers. However, such a stipulation would be premature unless this Court has determined whether the insurance policy language at issue allows the insurers to limit their liability. This determination is necessarily related to the limitation proceeding, since a resolution of the policy language in favor of the insurers would mean those insurers have the same standing to limit their liability as do their assureds.[6] The second exception does not apply for two reasons. First, there is more than one claimant in this case. Second, as noted above, construction of the policy language will determine the insurers' rights to limit their liability; hence, by stipulating only as to Magnolia, the claimants have not stipulated that this Court has exclusive jurisdiction to determine *all* limitation issues. *See In re Humble Oil & Refining Co.*, 210 F.Supp. 638, 639 (S.D.Tex.1961), *aff'd*, 311 F.2d 576 (5th Cir.1962) ("... the claimant may maintain an action in the state court if it is conceded of record that *all* questions of limitation of liability are reserved for the admiralty court") (emphasis added).

Accordingly,

IT IS ORDERED that the motion of defendants in Civil Action No. 90–3053 to dismiss the declaratory judgment action is DENIED.

IT IS FURTHER ORDERED that the stay previously ordered in Civil Action No. 89–1361 on August 22, 1990, is VACATED and clerk is DIRECTED to re-open Civil Action No. 89–1361 and restore said case to the Court's docket.

IT IS FURTHER ORDERED that all other proceedings in this matter, including the pending state court action, involving Magnolia Marine and/or its insurers are hereby ENJOINED pursuant to Rule F(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, pending further orders of this Court.

IT IS FURTHER ORDERED that plaintiff insurers in the declaratory judgment action file their motion for summary judgment on the issue of whether the insurance

policy language allows them to limit their liability within thirty (30) days of receipt of this Order.

6. *See, e.g., Complaint of McDonough Marine Service*, 749 F.Supp. 128, 133 (E.D.La.1990); *compare Crown Zellerbach Corp. v. Ingram Industries, Inc.*, 783 F.2d 1296 (5th Cir.1986) (en banc) with The Limitation of Liability Convention, art. 1(6) (1976).