**In the Matter of the Complaint of ZAPATA GULF MARINE CORP., Owner of the M/V INDEPENDENCE.**

**Civ. A. Nos. 90–509, 90–2087.**

United States District Court,
E.D. Louisiana.

Jan. 9, 1992.

---

William B. Gibbens, III, Troy G. Ingram, Gibbens & L'Hoste, New Orleans, La., for plaintiff-in-limitation Zapata Gulf Marine.

Mark W. Smith, Gambel, Calvert and Smith, New Orleans, La., for claimant Frederick L. Szoyka.

Paul Galuszka, New Orleans, La., for claimants Thomas Lynch, Donald Kevin Castilow, Steven Mashburn, and Joey Boudreaux.

ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of claimants Frederick L. Szoyka, Thomas Lynch, Donald Kevin Castilow, Steven Mashburn, and Joey Boudreaux to lift the stay currently in effect in this matter in connection with Zapata's action for limitation of liability. For the reasons set out below, the Court finds that this motion is not well taken, and should be denied.

I. *Stays in limitation actions*

■ A federal court petition for limitation of or exoneration from liability results in a stay of "all claims and proceedings against the owner with respect to the matter in question...." 46 U.S.C.App. § 185 (1992). However, this stay is limited by the language of the jurisdictional grant for causes in admiralty, which "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333 (1992). As a result, "[a] tension exists between the[se] two provisions where allowing the shipowner to force claimants to litigate their claim in admiralty deprives the claimants of the jury trial they could have had in their common law action." *Ray v. Lykes Bros. Steamship Co., Inc.*, 626 F.Supp. 120, 124 (E.D.La. 1985) (Arceneaux, J.), *rev'd on other grounds*, 805 F.2d 552 (5th Cir.1986).

The U.S. Supreme Court has resolved this tension by creating two specific categories of cases in which claimants are entitled to seek remedies outside of the limitation action. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957); *Ex parte Green*, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932). Generally, the decision whether to stay parallel proceedings in admiralty is one left to the discretion of the district court. *See Newton v. Shipman*, 718 F.2d 959, 963 (9th Cir.1983). However, this discretion is subject to two exceptions, and where these exceptions apply, the district court must lift the stay.

This Court recently described the exceptions as follows:

> Generally, there are only two situations in which a claimant must be allowed to pursue an action outside the limitation proceeding: (1) where the parties stipulate that the value of the limitation fund exceeds the total value of all claims asserted against the shipowner; and (2) where only a single claim has been made against the vessel owner and the claimant stipulates to limit the vessel owner's liability to the value of the vessel, that the state court judgment will not be given res judicata effect, and that the district court has exclusive jurisdiction to determine all issues concerning the right of the shipowner to limit liability.

*Magnolia Marine Transport Co. v. Frye*, 755 F.Supp. 149, 152 (1991) (Mentz, J.).[1] In *Frye*, this Court interpreted the single-claimant exception literally, refusing to apply it to a situation in which there were two claimants. *Id.* at 153. Because the claimants have not presented sufficient authority to warrant an abandonment of this interpretation, the Court reaffirms it here: the instant case is a multiple-claimant limitation action, and it is inappropriate to apply the single-claimant exception in such a case.

II. *The Two "R" case*

■ The claimants assert that the Fifth Circuit's most recent opinion on a stay in a limitation action supports their position. *See In re Two "R" Drilling Co., Inc.*, 943

1. (Citation omitted).

F.2d 576 (5th Cir.1991). Claimants characterize that case as one in which "there were multiple claimants to the limitation of liability fund," but an adequate stipulation required the district court to lift the stay. Claimants' Joint Motion of Lift Stay, No. 90–509, filestamped December 13, 1991.

This characterization is incorrect for two reasons. First, the *Two "R"* court phrased the relevant rule of law in the singular, stating that "it is well recognized that *a claimant* may pursue the claim before a jury in state court.... [where, *inter alia*,] *the claimant* concedes the admiralty court's exclusive jurisdiction...." 943 F.2d at 578. Furthermore, an examination of the district court record in *Two "R"* reveals that there was only one claimant in that case, who sued in several capacities and on behalf of several other persons:

> In state court, the claimant sued in three separate capacities: (1) individually; (2) as administratrix of the estate of her deceased husband; and (3) as natural tutrix of the six minor children of herself and the decedent [and] asserted three distinct claims for compensatory damages: (1) the decedent's own pain and suffering; (2) the claimant's own loss of consortium; and (3) the six children's loss of inheritance, love and affection, parental guidance, etc.

Memorandum in Opposition to Lift Stay Order of plaintiff-in-limitation Two "R" Drilling Co., Inc., No. 90–4049 (E.D.La.), filestamped January 8, 1991.

Thus, the Fifth Circuit's *Two "R"* opinion stands for the proposition that the single claimant exception applies even when that single claimant represents others. It does not stand for any proposition that would allow Messrs. Szoyka, Lynch, Castilow, Mashburn, and Boudreaux, five separate natural persons, to constitute a "single claimant."

### III. *Conclusion*

Where the single-claimant exception does not apply, no question of the adequacy of any stipulation arises. Because there are multiple claimants in this case, and because those claimants have not conceded that the

value of the limitation fund exceeds the total amount of their claims, the decision whether to lift the stay is within the discretion of this Court. The Court finds in its discretion that this matter will be resolved more expeditiously if the stay remains in effect.

Accordingly,

IT IS ORDERED that

(1) The Motion for Summary Judgment originally scheduled for October 9, 1991, is referred to the merits of the four-day, non-jury trial currently scheduled for Monday, January 27, 1992; and

(2) The "Joint Motion of Lift Stay" of claimants Frederick L. Szoyka, Thomas Lynch, Donald Kevin Castilow, Steven Mashburn, and Joey Boudreaux, is hereby DENIED, and the hearing on this motion, originally scheduled for December 18, 1991, is hereby CANCELED.