DeMOSS, Circuit Judge,
dissenting:
In the published opinion (Magnolia Marine Transport Co. v. Frye, 755 F.Supp. 149 (E.D.La.1991)) from which this appeal has been taken, the Trial Court concluded its opinion by taking the following actions:
“IT IS ORDERED that the motion of defendants in Civil Action No. 90-3053 to dismiss the declaratory judgment action is DENIED.
“IT IS FURTHER ORDERED that the stay previously ordered in Civil Action No. 89-1361 on August 22, 1990, is VACATED and clerk is DIRECTED to reopen Civil Action No. 89-1361 and restore said case to the Court’s docket.
“IT IS FURTHER ORDERED that all other proceedings in this matter, including the pending state court action, involving Magnolia Marine and/or its insurers are hereby ENJOINED pursuant to Rule F(3) of the Supplemental rules for Certain Admiralty and Maritime Claims, pending further orders of this Court.
“IT IS FURTHER ORDERED that plaintiff insurers in the declaratory judgment action file their motion for summary judgment on the issue of whether the insurance policy language allows them to limit their liability within thirty (30) days of receipt of this Order.”
Because I believe the Trial Court was correct in ordering each of these actions, but perhaps did not articulate sufficient reasons for its actions, I respectfully DISSENT from the foregoing opinion of the panel majority and file the following explanation:
A. Denial of the Motion to Dismiss the Declaratory Judgment Action
While ordinarily a denial of a motion to dismiss is not an appealable order, I accept for the purposes of this appeal the portion of the panel opinion which sustains our appellate jurisdiction of this action by the Trial Court under 28 U.S.C. § 1292(a)(1). I disagree completely, however, with the panel opinion that the Trial Court abused its discretion by refusing to dismiss the declaratory judgment action.
First of all as the Trial Court stated in footnote 2 on page 151 of its published opinion:
“Because the Court is, by this Order, lifting the stay of the limitation case and enjoining further state court proceedings, the motion to dismiss the declarato *1583 ry judgment suit on the basis of the pending state court action is moot.”
That makes eminent good sense to me. To dismiss the declaratory action, and at the same time enjoin the prosecution of the state court proceeding in which allegedly the same issues contemplated by the declaratory judgment action could be tried, certainly would not contribute to the efficient disposition of the legal issues between the parties. More importantly, there were unique circumstances involved in this case which are not involved in the typical case where appellate courts have reviewed the circumstances under which the federal district court may entertain a declaratory judgment suit: i.e. (i) at the time the declaratory judgment action was filed in the U.S. District Court, the limitations of liability action of Magnolia Marine was already pending in that same U.S. District Court; and the consequent fact that all of the parties, other than the plaintiff underwriters in the declaratory judgment action, were already present before the same U.S. District Court; (ii) the fact that from August 3, 1988, when Magnolia Marine first filed its limitation of liability suit until August 22, 1990, the state court proceeding was stayed by reason of the automatic stay order issued by the U.S. District Court and that all discovery depositions between the parties, regarding the circumstances of the collision and the insurance coverages involved, were taken pursuant to subpoenas issued by the U.S. District Court in the limitation of liability proceedings; (iii) the fact that at the time the marine underwriters filed their declaratory judgment action in the federal court, they had not been brought into the state court proceeding by Plaintiff Frye; (iv) the fact that the state district court and the federal district court are separated by only 10 blocks in downtown New Orleans, which is the venue selected by the plaintiff Frye; and (v) the fact that whether in the federal district court or the state district court, the issues regarding policy coverage in the declaratory judgment action would be governed by the same state law, i.e., the Louisiana Direct Action Statute.
For all of these reasons I think it was clearly within the discretion of the Trial Court to choose to entertain the declaratory judgment action which is precisely what the Federal Declaratory Judgment Statute says he may do.
B. Reopening of the Limitation of Liability Proceeding
The second action which the Trial Court took is not really addressed in the panel opinion, except to the extent that it is necessarily the other side of the coin of the dispute about the Trial Court’s issuance of the stay of the state court proceeding. However, one cannot read the portion of the Trial Court’s opinion on page 151 which relates to the circumstances of the conference on August 22, 1990, without sensing that the Trial Court feels that counsel for all parties failed to properly advise the Court as to the propriety of the actions which the Court took on that day.
C. The Stay of the State Court Proceeding
In assessing the propriety of the Trial Court’s action in staying the state court proceedings, there are two circumstances which are determinative and must be kept clearly in mind: first, in exercising the injunctive power, the Trial Court relied expressly and exclusively on Rule F(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims and not on any general injunctive power derivative from the pendency of the declaratory judgment action in the same consolidated matter as the panel opinion infers; and second, there were two claimants in the limitation of liability proceeding, Mrs. Frye for the death of her deceased husband Joseph, and Bisso for the damages to its vessel; and the aggregate of their claims exceeded the value of the Magnolia Marine vessel which is the subject of the limitation of liability proceeding. In short, the exercise of the injunctive power was attendant to the standard and historic powers given to the federal district court in limitation of liability proceedings; and this was what is characterized as a multiple-claims-inadequate-fund case. Since the decision in Pershing *1584 Auto Rentals, Inc. v. William C. Gaffney, et al., 279 F.2d 546 (5th Cir.1960, John R. Brown), the law of this Circuit has been fixed that trial of all claims must occur in the limitation of liability proceeding when multiple claims either exceed the fund or there is reasonable apprehension that they will. There are only two special circumstances when a federal court may permit a claimant or claimants to first try the issue of liability vel non and damages in actions outside of the limitation of liability proceeding: first, where there is only one claimant, Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520); and second, where there are multiple claimants who stipulate that their claims in the aggregate do not exceed the value of the vessel tendered in the limitation of liability proceeding, Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). The Trial Court in our present case recognized that neither of these special situations permitting trial outside of the limitation of liability proceeding exist in the present case. If the Trial Court had simply terminated its discussion at that point, his ruling on this action would have been unassailable, but the Trial Court went on to discuss the need for the stipulations filed in this case to address rights of the marine underwriters. It was that additional language which prompted the panel majority to spend an inordinate amount of time explaining (i) why marine underwriters are not entitled to the benefits of the Limitation of Liability Act; (ii) why the marine underwriters are not entitled to concursus of claims; and (iii) why the District Court erred in “merging Magnolia’s statutory limitation rights with the insurer’s contractual rights,” all of which is unnecessary and immaterial. Bottom line, this Circuit has never approved the form and content of a stipulation to be filed by a claimant in a multiple-claim-inadequate-fund case because all of those cases are to be first tried in the limitation of liability proceeding. To the extent that the panel opinion seems to say that the Trial Court should devise an alternate form of stipulation, I suggest that the panel is making new law inconsistent with settled precedent in this Circuit.
Furthermore, the stay order as issued by the Trial Court prohibits state court actions against “Magnolia Marine and/or its insurers”. There is clear and express authority in this Circuit for that injunctive relief applying to both the shipowner, Magnolia Marine, and its marine insurers. Guillot v. Cenac Towing Co., 366 F.2d 898 (1966). Speaking for this Court in that case, Judge John R. Brown stated:
“That means that as to the direct action against the insurers of the shipowner as such, the injunction was proper and the trial thereof must be stayed until disposition of the limitation proceedings.” at p. 905.
Consequently, even it the panel majority is correct that the Trial Court erred in not dismissing the marine insurers declaratory judgment action, the Frye and Bisso claimants are still not entitled to try first their suit against the marine underwriters in a state court proceeding under the Louisiana Direct Action Statute.
Finally, I want to register my disagreement with the inference, which the panel opinion attempts to create on page 1578 of its opinion, that the issues to be litigated in the Federal Limitation of Liability Proceeding relate only to “issues affecting the shipowner’s right to limitation, such as ownership, privity knowledge, and valuation. See Guillot v. Cenac Towing, 366 F.2d 898, 906 (5th Cir.1966).” First of all, the Guillot opinion, as mentioned above, should have been cited by the panel majority (but was not) for the proposition that the injunctive relief issued by the District Court under Rule F(3) against any direct action in the state court was proper equally as to the marine insurers as to the owner of the vessel involved in the limitation of liability proceeding. Rather the panel opinion selects a phrase out of the second part of the Guillot opinion dealing with the propriety of a simultaneous state court action against the corporate officers of the Shipowner and converts that selected phrase from a specific recognition, of two elements (privity and knowledge) which are clearly exclusive to the limitation of liability proceeding, to a general classification of *1585 all exclusive elements which it is not. In my view, the elements of “fault and liability” are absolutely essential elements of the determination of the shipowner’s right to limit liability. Certainly in this case involving collisions in Louisiana waters between three navigating vessels and the potential of a direct action in state court against marine underwriters, the words of Justice Clark in effecting the compromise in Cushing are controlling and determinative:
“Our only interest is to make certain that such actions [against insurance companies under the Louisiana Direct Action Statute] do not interfere with the Federal Limitation Proceeding. To do this we need only require that the limitation proceeding be concluded first and the owner’s liability settled under.” 347 U.S. at p. 425, 74 S.Ct. at p. 616 (emphasis added)
I believe, therefore, that the panel opinion “muddies” what I thought would have been the “settled waters” of our Circuit’s juris prudence that trial in the limitation of liability proceeding would encompass all issues relevant to a determination of whether the shipowner is entitled to be exonerated from or limited as to its liability for the casualty involved. I think the panel opinion is in error in suggesting that such a determination can be made “only as to issues affecting the shipowner’s right to limitation, such as ownership, privity, knowledge, and valuation” without including all issues regarding liability.