146 F.3d 410
 1998 A.M.C. 2668
 In re Charles A. MUER.
ESTATE OF Charles A. MUER, Deceased, Plaintiff-Appellee,
C.A. Muer Corporation, Plaintiff,
v.
Robert A. KARBEL, Personal Representative of the Estate of
George F. Drummey and Lynne Drummey, Intervenor-Appellant.
 No. 96-2111.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 28, 1997.
Decided June 9, 1998.
Rehearing Denied July 16, 1998.
 
 Jeffrey T. Stewart (argued and briefed), Seikaly & Stewart, Southfield, MI, for Intervenor-Appellant.
 John L. Cote' (argued and briefed), Curtis R. Hadley (briefed), Willingham & Cote', East Lansing, MI, Norbert B. Leonard (briefed), Leonard, Kruse & Zlatopolsky, Bloomfield Hills, MI, for Plaintiff-Appellee.
 Before: CONTIE, DAUGHTREY, and COLE, Circuit Judges.
 COLE, J., delivered the opinion of the court, in which DAUGHTREY, J., joined. CONTIE, J. (pp. 419-420), delivered a separate opinion concurring in part and dissenting in part.
 COLE, Circuit Judge.
 
 
 1
 This case involves a petition by a vessel owner for a limitation of liability under the Limitation of Liability Act ("LOLA"), a federal statute intended to limit the liability of vessel owners who are not negligent and have no privity to or knowledge of the negligent cause of a maritime accident. The petition was filed in federal court in response to a wrongful death action which was asserted under general maritime law, and alternatively under the Death on the High Seas Act ("DOHSA"), in Michigan state court. The appeal raises several issues: (1) whether the district court erred by not granting the claimant-appellant summary judgment on the entire LOLA action; (2) whether the district court erred in granting the petitionerappellee partial summary judgment on the appellant's general maritime claim; (3) whether the district court erred in not setting aside its order granting partial summary judgment on the maritime claims; (4) whether the district court erred in reaching a DOHSA question in the context of this LOLA action; and (5) whether the district court erred in deciding that DOHSA is an exclusive remedy and precludes any award of damages for pre-death pain and suffering.
 
 
 2
 For the following reasons, we affirm the district court in part and reverse and remand in part.FACTS AND PROCEDURAL HISTORY
 
 
 3
 This case arises from a wrongful death action which was initiated following the accidental sinking of a pleasure boat in a storm off the Florida coast on March 13, 1993. On the boat when it sank were four individuals: Charles Muer, his wife Betty Muer and George and Lynne Drummey ("the Drummeys"). Charles Muer was the founder and principal stockholder of C.A. Muer Corporation, a restaurant enterprise with locations in Florida and Michigan. The boat was owned by Charles Muer until just before the final voyage at which time it was transferred to the C.A. Muer Corporation. Charles Muer was the captain of the vessel on its voyage.
 
 
 4
 Robert A. Karbel ("Karbel," "claimant" or "appellant"), personal representative of the Drummeys' estate, filed a wrongful death action under general maritime law, and alternatively under DOHSA, in Michigan state court in December 1994.
 
 
 5
 The defendants in the state case, the Estate of Charles A. Muer ("Muer estate," "appellee" or "petitioner") and C.A. Muer Corporation, filed a complaint in federal court in Michigan in April 1995 seeking exoneration or limitation of liability under the Limitation of Liability Act ("LOLA"), 46 U.S.C.App. § 181 et seq. The district court permitted Karbel to intervene in the federal action and stayed the state court proceedings in August 1995. In October 1995, Karbel filed an answer to the Muer estate's petition together with a claim that was identical to the state court complaint.
 
 
 6
 In November 1995, the Muer estate moved for partial summary judgment on the basis that the claimant had not come forward with sufficient evidence to establish that the accident happened within one marine league of shore, a required element of the claimant's general maritime claim, and therefore the claim could not survive summary judgment. In the same motion, the Muer estate contended that DOHSA applied to the case because of the location of the accident, and that the district court should grant the estate partial summary judgment as to the wrongful death damages under DOHSA because the claimant had already asserted that there were no economic losses. The Muer estate explicitly did not seek summary judgment with respect to the claims for the decedents' pain and suffering.
 
 
 7
 In December 1995, Karbel moved for summary judgment dismissing the complaint for limitation, claiming that limitation of liability was only intended to protect vicarious defendants and that his allegations involved active negligence by the defendants. Karbel also submitted a motion to stay the federal court proceedings and to lift the stay of the state court proceedings so he could proceed in the state court action. Accompanying Karbel's motion was an "Offer to Stipulate to Jurisdiction and other Matters in Connection with Stay of Proceedings."
 
 
 8
 In a March 14, 1996 order, the district court ruled that (1) the claimant did not produce evidence sufficient to support a factual finding that the boat accident occurred inside of one marine league (three miles) of shore and thus the petitioner was deserving of summary judgment on the general maritime claims because DOHSA necessarily governed the case if the accident did not occur within one marine league of the Florida shore; (2) DOHSA barred noneconomic damages (but specifically reserved the issue of conscious pain and suffering damages as a supplement to remedies under DOHSA); (3) Karbel's allegations of active negligence did not bar the LOLA action; and (4) lifting the stay of the state court proceedings, pursuant to Karbel's stipulation that the district court retained continuing jurisdiction to decide the limitation of liability questions raised in the Muer estate's federal complaint.
 
 
 9
 On April 26, 1996, the Muer estate filed another summary judgment motion seeking a ruling on the remaining issue, the conscious pain and suffering claims. On April 29, 1996, this court issued a decision in Bickel v. Korean Air Lines Co., Ltd., 83 F.3d 127 (6th Cir.1996), in which it held that DOHSA barred conscious pain and suffering damages as a supplement to DOHSA's remedies.
 
 
 10
 On May 2, 1996, Karbel moved for dismissal of the Muer estate's summary judgment motion on the basis that the district court had lifted the stay of the state court proceedings and that the only proper place to litigate issues not particular to limitation of liability was the state court. At the same time, Karbel moved to set aside the district court's March 14, 1996 order to the extent that it held that as a matter of law the vessel had sunk more than three miles from shore. Karbel argued that allegedly newly discovered evidence relative to the speed of the vessel made it possible that the boat had reached a point within three miles of shore.
 
 
 11
 The district court entered an order on July 31, 1996, concluding that the evidence was speculative whether the boat had reached a marine league from shore prior to sinking and dismissed Karbel's motion after concluding that there were still no genuine issues of material fact and that the Muer estate was deserving of judgment as a matter of law. It thereby ruled that DOHSA should continue to govern the case.
 
 
 12
 In that same order, the district court ruled on other remaining pending motions. It held that (1) deference to the state court on the issues presented by the petitioner's pain and suffering summary judgment motion was not necessary; (2) pursuant to this court's decision in Bickel, DOHSA barred the conscious pain and suffering claims; and (3) because there were no other damage claims, the appellee was entitled to final judgment. Karbel subsequently filed this appeal.
 
 
 13
 On August 29, 1996, the Bickel panel substituted a new opinion, vacating the portion which had held that conscious pain and suffering damages are non-recoverable under DOHSA. See Bickel v. Korean Air Lines Co., Ltd., 96 F.3d 151, 154 (6th Cir.1996) ("Bickel II "), cert. denied, --- U.S. ----, 117 S.Ct. 770, 136 L.Ed.2d 716 (1997). After the second Bickelopinion, Karbel filed a motion for remand or other relief with this court on the basis that it might be preferable to have the district court first address the legal question of recoverability of pain and suffering damages. In November 1996, this court denied Karbel's motion for remand.
 
 DISCUSSION
 A. An Overview of LOLA
 
 14
 The Limitation of Liability Act ("LOLA"), originally enacted in 1851, permits a vessel owner to limit its liability to the value of the vessel and its then pending freight, provided that the loss or damage is incurred without the "privity or knowledge" of the owner. The Act was passed "to encourage ship building and to induce capitalists to invest money in this branch of industry." Norwich & N.Y. Transp. Co. v. Wright, 80 U.S. (13 Wall.) 104, 121, 20 L.Ed. 585 (1871). The Act achieves this purpose by "exempting innocent shipowners from liability, beyond the amount of their interest." Id.When faced with liability for a maritime accident, a vessel owner may file a petition in federal court seeking limitation of liability under LOLA. Provided that the accident in question occurred without the owner's "privity or knowledge," LOLA limits the owner's liability to the value of his interest in the vessel and its pending freight. 46 U.S.C.App. § 183(a).
 
 
 15
 After the vessel owner deposits with the district court an amount representing the value of the vessel and its freight ("limitation fund"), the district court stays all related claims against the vessel owner pending in any other forum and directs all potential claimants to file their claims with the district court within a specified time. 46 U.S.C.App. § 185; Supp. R. for Certain Admiralty and Maritime Claims F(3), F(4); see also In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 755 (2d Cir.1988); Universal Towing Co. v. Barrale, 595 F.2d 414, 417 (8th Cir.1979). After the damage claims have been filed, the district court may resolve the vessel owner's claim to limitation of liability. See In re Dammers, 836 F.2d at 755. If the vessel owner is found liable in the court adjudicating the liability issues, but limitation is granted, then the district court distributes the limitation fund. See S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co., 678 F.2d 636, 643 (6th Cir.1982). If there is more than one damage claimant, the district court distributes the fund among the claimants via an equitable proceeding called a concursus. Id.
 
 
 16
 B. Denial of Summary Judgment on LOLA action
 
 
 17
 The claimant-appellant contends that the district court erred in denying its motion for summary judgment on the entire LOLA action on the basis that there was no material fact in dispute as to the vessel owner's knowledge or privity of the alleged negligence. The appellant contends that the district court erred in denying its summary judgment motion because, in the appellant's view, any alleged negligence would be presumed to be within the knowledge and privity of the corporation because the allegedly negligent party, Charles Muer, was the chief executive officer and principal shareholder of the closely held corporation which owned the ill-fated vessel. The appellant argues that the district court was compelled to grant it summary judgment because LOLA provides relief only to owners who are not on their vessel at the time of an accident. The appellant cites four decisions supporting this view: three district court decisions and a 1969 Fifth Circuit decision.[1] In these cases, the courts dismissed the LOLA petitions because the owner was in command of the vessel at the time of the accident. The courts reasoned that since the owners could not deny privity, they could never prevail under LOLA.
 
 
 18
 The appellee urges us to rely instead on the decisions cited by the district court in which courts have held that an owner's presence on a vessel is not necessarily dispositive of a LOLA action because such treatment would circumvent the two-step inquiry required in LOLA cases and would shift the burden of proof on the negligence issue.
 
 
 19
 The question presented boils down to whether or not the district court's limitation of liability inquiry is a two-step inquiry. Where issues of fact are not in dispute, we review de novo a district court's denial of summary judgment based on the resolution of a legal issue. Teichman v. Espy, 122 F.3d 341, 344 (6th Cir.1997).
 
 
 20
 Many courts, including the Sixth Circuit, have held that a limitation action requires the district court to make a two-step inquiry: (1) negligence or unseaworthiness, and (2) the owner's privity or knowledge of the negligence. The claimant-appellant argues in essence that since it is conceded that Charles Muer was on the vessel at the time of its sinking, the district court should have dismissed the LOLA action as a matter of law. We disagree. Such a dismissal would obviate the claimant's burden to demonstrate negligence or unseaworthiness.
 
 
 21
 This court, and others, have already clearly established that LOLA involves two inquiries. See In re Cleveland Tankers, Inc., 67 F.3d 1200, 1203 (6th Cir.1995), cert. denied, 517 U.S. 1220, 116 S.Ct. 1848, 134 L.Ed.2d 949 (1996); In re Consolidation Coal Co., 123 F.3d 126, 132 (3d Cir.1997) (noting two-step inquiry of (1) negligence and (2) the vessel owner's privity or knowledge of the negligence), cert. denied, --- U.S. ----, 118 S.Ct. 1380, 140 L.Ed.2d 526 (1998); In re Beiswenger Enters. Corp., 86 F.3d 1032, 1036 (11th Cir.1996) (noting that in a limitation proceeding under LOLA, the court engages in a two-step analysis with the first being a negligence or unseaworthiness finding and the second being the privity or knowledge of the vessel owner), cert. denied, --- U.S. ----, 117 S.Ct. 2455, 138 L.Ed.2d 213 (1997); In re Dammers, 836 F.2d 750, 755 (2d Cir.1988); In re Hercules Carriers, Inc., 768 F.2d 1558, 1563-64 (11th Cir.1985) (outlining same two-step analysis); In re Farrell Lines, Inc., 530 F.2d 7, 10 (5th Cir.1976) (laying out same two-step analysis and noting that "the initial burden of proving negligence or unseaworthiness rests with the libelants"); Keller v. Jennette, 940 F.Supp. 35, 37 n. 6, 38, 39 (D.Mass.1996) (outlining the same two-step inquiry and noting that Fechtis the only court of appeals decision dismissing a LOLA petition without insisting on a showing that the owner's negligence caused the accident); Polly v. Estate of Carlson, 859 F.Supp. 270, 274 (E.D.Mich.1994) (rejecting argument that owner's presence on boat is fatal to a LOLA action and adopting the same two-step analysis to determine a LOLA petition); In re Martell, 742 F.Supp. 1147, 1153 (S.D.Fla.1990) (applying two-step inquiry and finding that because claimants unable to satisfy their initial burden of proving negligence or unseaworthiness, vessel owner was entitled to exoneration of liability under LOLA); In re Cirigliano, 708 F.Supp. 101, 103-104 (D.N.J.1989) (noting that LOLA requires court to engage in the two-step inquiry and applying that test). This court has already explained the operation of LOLA and the claimant's burden in relation to negligence.
 
 
 22
 Under the Limitation Act, a ship owner is entitled to exoneration if he, his vessel, and crew are found to be completely free of fault. Even if not completely free of fault, the ship owner is entitled to limitation of liability if the ship owner had no knowledge or privity to the ship's negligence or unseaworthiness. The burden of proving negligence lies on the person claiming to be injured, but once negligence is established, the vessel's owner must prove lack of knowledge or privity to the negligence.
 
 
 23
 In re Cleveland Tankers, Inc., 67 F.3d at 1203 (internal citations omitted). Thus, the district court is charged with a two-step inquiry: (1) negligence or unseaworthiness, and (2) the owner's knowledge or privity. If neither is shown, then the vessel owner is entitled to a limitation of liability. Id. Thus, it is not the case, as the claimant-appellant urges, that simply alleging facts that support a finding of knowledge or privity, the second step in the district court's inquiry, leads to a dismissal as a matter of law of a LOLA action. As stated in In re Cleveland Tankers, the claimant carries the burden of demonstrating negligence and thus the mere showing of privity or knowledge, the second step, does not preclude a LOLA action.
 
 
 24
 For authority, the appellant relies upon language in Fecht v. Makowski, 406 F.2d 721 (5th Cir.1969), as well as the same reasoning as it appears in the three previously mentioned district court decisions.
 
 
 25
 [W]hen an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to the operation, therefore he is not entitled to limitation for accidents arising from his negligence.
 
 
 26
 Id. at 722. In rejecting the very same argument for a preclusion of the limitation of liability, the Eleventh Circuit offered apt commentary. In an opinion authored by Judge Godbold 18 years after he authored Fecht, the Eleventh Circuit took Fechtto mean what Gilmore and Black suggested in The Law of Admiralty, § 10-23: "Owners careless enough to operate (or to be on board) their own boats when an accident occurs need not hope for much sympathy," In re M/V Sunshine, II, 808 F.2d 762, 764 (11th Cir.1987) (quoting The Law of Admiralty, § 10-23 at 883). Judge Godbold characterized his own opinion as more a "precatory statement" than a legal principle, explaining that despite any privity or knowledge on the part of the owner, negligence remained a prerequisite to the preclusion of a limitation of liability. Id. "The owner's presence is not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent." Id. (quoting Gilmore and Black, The Law of Admiralty, § 10-23 n. 93). "In short, in most circumstances negligence in operation will be sufficiently connected to the owner on board his own small vessel and operating it that he will be found to have privity or knowledge, but this common sense recognition of how the facts will usually work out is not an ineluctable doctrine.... The 'owner at the helm' doctrine is a useful tool directed toward proper decision and not a talisman." Id.[2]
 
 
 27
 The district court correctly followed the framework outlined in In re Cleveland Tankers. Because it committed no legal error in denying the appellant summary judgment, we affirm the district court on this issue.[3]
 
 C. Going Beyond the LOLA Action
 
 28
 The appellant argues that the district court erred in reaching matters beyond those of the LOLA action. We review for an abuse of discretion the failure of a district court adjudicating a LOLA petition to remit issues beyond the petition to the state court. Ex parte Green, 286 U.S. 437, 438-39, 52 S.Ct. 602, 76 L.Ed. 1212 (1932); Langnes v. Green, 282 U.S. 531, 542, 51 S.Ct. 243, 75 L.Ed. 520 (1931); Gorman v. Cerasia, 2 F.3d 519, 522 (3d Cir.1993).
 
 
 29
 The backdrop of the appellant's assertion is a long-standing tension between a vessel owner's right to have the liability limitation determined in federal court, where there is no right to a jury trial, see Waring v. Clarke, 46 U.S. (5 How.) 441, 459, 12 L.Ed. 226 (1847) (holding that Seventh Amendment does not provide for jury trials in admiralty cases); Newton v. Shipman, 718 F.2d 959, 962 (9th Cir.1983) (explaining that there is no right to a jury trial in a limitation action), and a claimant's pursuit of remedies in state court. The appellant in this case would prefer to have the negligence question determined by a jury in the context of his general maritime wrongful death action in state court.
 
 
 30
 Federal courts have exclusive admiralty jurisdiction to determine whether a vessel owner is entitled to limited liability. Green, 286 U.S. at 439-40, 52 S.Ct. 602; Langnes, 282 U.S. at 539-40, 51 S.Ct. 243. However, the same statute that grants the federal courts exclusive admiralty jurisdiction saves to suitors "all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The "savings to suitors" clause of § 1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the plaintiff's choice. See Odeco Oil & Gas Co. v. Bonnette, 74 F.3d 671, 674 (5th Cir.1996); In re Dammers, 836 F.2d 750, 754 (2d Cir.1988). Thus, a tension exists between the exclusive jurisdiction vested in the admiralty courts to determine a vessel owner's right to limited liability and the savings to suitors clause. See, e.g., Jefferson Barracks Marine Serv., Inc. v. Casey, 763 F.2d 1007, 1009 (8th Cir.1985) ("The conflict between the Limitation of Liability Act ... and the 'saving to suitors' clause ... has been troublesome for the courts.") In resolving this tension, the "primary concern is to protect the shipowner's right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." In re Beiswenger Enters. Corp., 86 F.3d 1032, 1037 (11th Cir.1996) (quoting Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir.1992)).
 
 
 31
 To accommodate the competing interests of a shipowner's right to limit liability and a claimant's right to a trial by jury, the Supreme Court has established two situations in which a claimant must be allowed to pursue a claim before a jury. See Langnes, 282 U.S. 531, 51 S.Ct. 243; Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. The first situation is where the value of the limitation fund (value of vessel plus freight) exceeds the total value of all claims asserted against the vessel owner, see Odeco, 74 F.3d at 674, and the second is where only one claim is asserted against the vessel owner. See Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957); In re Dammers, 836 F.2d 750, 755 (2d Cir.1988).
 
 
 32
 In this second situation, a district court is obliged to dissolve its injunction against all other legal proceedings when only one claim is asserted against the shipowner and sufficient stipulations are filed. When a single claimant brings an action seeking damages in excess of the limitation fund, the district court must lift the stay against other proceedings if the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability. Green, 286 U.S. at 438-40, 52 S.Ct. 602; Langnes, 282 U.S. at 540-44, 51 S.Ct. 243; In re Dammers, 836 F.2d at 755. In the situation of a single claimant, the district court must lift the stay and the state court action is permitted to continue until a judgment is rendered.[4] See, e.g., In re Mucho K, Inc., 578 F.2d 1156, 1158 (5th Cir.1978); In re Zapata Gulf Marine Corp., 787 F.Supp. 612, 613 (E.D.La.1992). While the state court action is pending adjudication, the limitation action is held in abeyance. Langnes, 282 U.S. at 540, 51 S.Ct. 243. If the plaintiff challenges the shipowner's right to limit liability during the state court proceedings, the federal court may reinstate its stay of the state court proceedings in order to protect the paramount federal right. Id. at 539-40, 51 S.Ct. 243. If no such challenge is made and the state court renders a judgment in favor of the shipowner, or in favor of the claimant in an amount less than the limitation fund, the limitation proceeding is dismissed as moot. See, e.g., In re Cooper/T. Smith Stevedoring Co., Inc., 735 F.Supp. 689 (E.D.La.1990); see also Luhr Bros. v. Gagnard, 765 F.Supp. 1264, 1268 (W.D.La.1991). However, if the claimant receives a state court judgment in excess of the limitation fund, the federal action proceeds in order to determine those issues relevant to the limitation of liability. Gilmore & Black, The Law of Admiralty § 10-18 (2d ed.1975). This compromise was developed to preserve both the claimant's right to a trial by jury and the shipowner's right to limit its liability. See, e.g., Luhr Bros., 765 F.Supp. at 1267.
 
 
 33
 The appellee argues that principles of judicial economy supported the district court's decision to rule on issues outside of the LOLA action. In addition, the appellee cites the Supreme Court's decision in Hartford Accident & Indemnity Co. of Hartford v. So. Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612 (1927), for support of a district court's power to decide issues ancillary to a LOLA petition.
 
 
 34
 Hartford Accident was brought to the Supreme Court by the insurance company who disputed the lower court's jurisdiction to adjudicate the claimants' claims. Hartford Accident does contain language suggestive of a district court's wide-reaching power in a LOLA action, but for several reasons that decision does not support the district court's decision in this case to entertain questions outside of the LOLA action. First, Hartford Accident concerns a multi-claimant situation where a concursus is needed, the very purpose of a LOLA action. 47 S.Ct. at 216. "One of the reasons for the result in the Hartfordcase was the inequity of sending claimants empty away, to begin new suits, after the owner had impeded them in the bringing of suits." The Linseed King, 48 F.2d 311, 318 (S.D.N.Y.1930), rev'd on other grounds, 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903 (1932). In Hartford Accident, the Court simply sanctioned a concursus, a process that continues to be the "heart" of a LOLA court's task when faced with multiple claimants. Maryland Cas. Co. v. Cushing, 347 U.S. 409, 417, 74 S.Ct. 608, 98 L.Ed. 806 (1954).
 
 
 35
 Second, as stated above, it is clearly established that where there is a single claimant, the district court must allow that claimant to use the state courts. See, e.g., In re S & E Shipping Corp., 678 F.2d 636, 643 (6th Cir.1982) ("The district court ... must dissolve a stay of proceedings and permit claimants to litigate their claims in alternative forums ... if only one claim is made, regardless of its size."); Cincinnati Gas & Elect. Co. v. Abel, 533 F.2d 1001, 1003 (6th Cir.1976) ("[In Langnes,] [t]he Supreme Court directed that proceedings go forward in the state court, with the federal court retaining the petition for limitation as a matter of precaution, to be acted upon only if the claimant should bring into question the owner's right to limitation."); In re Consolidation Coal Co., 123 F.3d at 132-33 ("the case law is clear that in a single claimant ... situation ... the claimant is entitled to proceed in state court after making the appropriate stipulations"). The Supreme Court has explained that requiring claimants to proceed in federal court where there is only one claim or the fund is adequate to cover all claims would transform LOLA from an instrument protective of a vessel owner's liability to "an offensive weapon by which the shipowner could deprive suitors of their common-law rights." In re S & E Shipping Corp., 678 F.2d at 643 n. 12 (citing Lake Tankers Corp., 354 U.S. at 152-53, 77 S.Ct. 1269). "In view of the explicit mandate from Congress the respondent must not be thwarted in her attempt to employ her common-law remedy in the state court where she may obtain trial by jury." Lake Tankers Corp., 354 U.S. at 152, 77 S.Ct. 1269.
 
 
 36
 Third, the Supreme Court has explained that the federal courts do not have exclusive jurisdiction of either DOHSA or in personam maritime claims and that state courts are equally competent to adjudicate such claims. See Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 222, 232, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). Lastly, the savings to suitors clause already discussed allows plaintiffs their choice of forums.
 
 
 37
 The district court overstepped its bounds by reaching issues ancillary to the LOLA action when the claimant-appellant stipulated to the district court's jurisdiction of the LOLA action.[5] By ignoring the limitations of its LOLA role, the district court abused its discretion. Accordingly, we reverse and vacate those portions of its orders pertaining to non-LOLA matters.
 
 D.
 
 38
 Because the district court should not have reached any matters beyond those of the LOLA action, we need not address any of the appellant's remaining points on appeal.
 
 CONCLUSION
 
 39
 Although the district court did not err in denying the appellant summary judgment on the LOLA action, the district court abused its discretion in reaching issues beyond those presented by the LOLA action. Accordingly, we AFFIRM in part and REVERSE and REMAND in part for further proceedings in accordance with this opinion.
 
 
 40
 CONTIE, Circuit Judge, concurring in part and dissenting in part.
 
 
 41
 Though I agree with my colleagues' conclusion that the district court properly refused to dismiss the Limitation of Liability Act ("LOLA") claim on summary judgment, I do not agree with the majority's decision to reverse and remand the non-LOLA issues.
 
 
 42
 The district court initially lifted the stay in state court, thereby allowing the state court to determine the decedents' damages for pre-death pain and suffering under the Death on the High Seas Act ("DOHSA"). The district court later decided that it need not defer to the state court on the issues presented by Karbel's pre-death pain and suffering claim. The district court subsequently held, as a matter of law, that DOHSA barred Karbel's pre-death pain and suffering claim.
 
 
 43
 Though my colleagues believe that the district court erred by deciding the DOHSA claim, the district court clearly had jurisdiction to decide Karbel's general maritime and DOHSA claims. See S & E Shipping Corp. v. Chesapeake & Ohio Railway Co., 678 F.2d 636, 642 (6th Cir.1982) ("The United States district courts have exclusive original jurisdiction over '[a]ny case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.' 28 U.S.C. Sec. 1333. The policies of the Limitation Act can conflict with the saving to suitors clause."). Moreover, judicial economy strongly favored a decision by the district court, because the court was familiar with the underlying issues and the factual and procedural background. See generally Pershing Auto Rentals, Inc. v. Gaffney, 279 F.2d 546, 552 (5th Cir.1960) (recognizing the "acknowledged power of the admiralty court to adjudicate the whole case and grant full relief").
 
 
 44
 Because the district court had the authority to determine whether damages for pre-death pain and suffering may be recovered in a DOHSA action, I respectfully dissent from the majority's decision to reverse and remand the non-LOLA matters.
 
 
 
 [1]
 Fecht v. Makowski, 406 F.2d 721 (5th Cir.1969); In re Marine Sports, Inc., 840 F.Supp. 46 (D.Md.1993); In re Ingoglia, 723 F.Supp. 512 (C.D.Cal.1989); In re Follett, 172 F.Supp. 304 (S.D.Tex.1958)
 
 
 [2]
 The strength of Fecht 's authority is also undermined by the fact that the Fifth Circuit based its decision in Fecht on the fact that the limitation of the owner's liability would not have been possible under any circumstances because the vessel owner had stipulated prior to trial that the complaint, insofar as it sought a limitation of liability, was withdrawn and that the vessel owner was seeking only exoneration. See Fecht, 406 F.2d at 722 n. 4. In that sense, Fecht 's statements that an owner at the helm cannot limit liability do not carry the authority urged by the appellant. In addition, the cited district court decisions are certainly in the minority. Fecht is the only court of appeals decision supporting such a notion, and the Fifth Circuit has since revised its position. See In re Farrell Lines, 530 F.2d at 10
 
 
 [3]
 The appellant also seems to make an argument that exoneration is not available to the petitioner-appellee in its LOLA action. This argument is meritless. Under Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, a shipowner-petitioner "may demand exoneration from as well as limitation of liability" and "shipowners routinely seek exoneration and limitation of liability in the alternative." Texaco, Inc. v. Williams, 47 F.3d 765, 769 & n. 19 (5th Cir.1995); see also Odeco Oil and Gas Co., Drilling Div. v. Bonnette, 74 F.3d 671, 675 n. 7 (5th Cir.) ("Exoneration is not mentioned in the Limitation Act, but the Supplemental Rules for Certain Admiralty and Maritime Claims state that a complaint seeking limitation may also demand exoneration."), cert. denied, --- U.S. ----, 117 S.Ct. 79, 136 L.Ed.2d 37 (1996); In re Consolidation Coal Co., 123 F.3d at 132
 
 
 [4]
 There is no contention that Karbel is not a single claimant. See In re Two R Drilling Co., Inc., 943 F.2d 576 (5th Cir.1991) (noting that single claimant exception applies even when the single claimant represents others); In re McAllister Towing of Va., Inc., 999 F.Supp. 797, 801-02 (E.D.Va.1998); In re Zapata Gulf Marine Corp., 787 F.Supp. 612, 614 (E.D.La.1992)
 
 
 [5]
 No objections have been made to the adequacy of the stipulations